LOUISE ACKERSON, Plaintiff, *v.* ALBERT KIBLER, Appellant, Impleaded with EVERITT SHAMP, Defendant, and DUANE ACKERSON, Respondent.*

Fourth Department, May 6, 1931.

* Affg. 138 Misc. 695.

*William DeGraff* and *John D. Sullivan*, for the appellant.

*Milton L. Baier*, for the respondent.

SEARS, P. J.   The plaintiff was injured in a collision between an automobile driven by her husband, Duane Ackerson, in which she was a passenger, and an automobile driven by the defendant Albert Kibler.   She brought this action against the defendant Kibler, alleging that his negligence was the sole cause of the collision. Kibler thereupon moved to bring in, as parties defendant, Duane Ackerson and Everitt Shamp, showing by affidavit that the injuries received by the plaintiff were due solely to their negligence.   The motion was granted and the defendant Kibler caused a supplemental summons and a pleading to be served upon the defendant Ackerson.   In this pleading it was alleged that the collision was due to the negligence of Everitt Shamp and of the defendant Ackerson, Shamp being the driver of a car which had collided with the defendant Kibler's automobile immediately previous to the collision between the cars of the defendant Kibler and of the defendant Ackerson.   This pleading demanded judgment .dismissing the plaintiff's complaint as to Kibler, or, in the alternative, to the effect that should a judgment be rendered in favor of the plaintiff against the defendant Kibler, the defendants Shamp and Ackerson be adjudged to contribute their proportionate ratable shares of any amount which should be paid by the defendant Kibler to satisfy any judgment against him.

The defendant Ackerson thereupon made a motion to dismiss the supplemental .summons and the pleading as to him, showing by affidavit, as had already been alleged in the complaint, that he was the husband of the plaintiff.   The motion was granted and this appeal is from a judgment entered upon the order of dismissal.

Right to contribution, under section 211-a of the Civil Practice

Act, depends upon the plaintiff having a cause of action against the person from whom contribution is sought. (*Price* v. *Ryan*, 255 N. Y. 16; *Fox* v. *Western New York Motor Lines, Inc.*, 232 App. Div. 308, decided herewith.) The plaintiff never had a cause of action against her husband, Duane Ackerson. (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253; *Allen* v. *Allen*, 246 id. 571.) There was, therefore, no right of action in favor of the plaintiff and against the defendant Ackerson to which a right of contribution could attach. The action was, therefore. properly dismissed as to the defendant Ackerson.

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment affirmed, with costs.