245 P.2d 826

**SOTO et al. v. VANDEVENTER.**
No. 5508.

Supreme Court of New Mexico.
June 20, 1952.

O'Sullivan & Dunleavy, Robert Emmet Clark, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Mims & Akin, John D. Robb, Albuquerque, for appellee.

McGHEE, Justice.

The question of whether a married woman in New Mexico has the right to prosecute in her own name a cause of action against one who negligently inflicts

bodily injuries upon her in this state is squarely raised by this appeal. There is also raised the important question of whether the proceeds of a judgment on account thereof belong to the injured wife or are an asset of the community of herself and husband.

The plaintiffs filed a complaint in two counts against the defendant because of physical injuries inflicted upon the wife's body through the claimed negligence of the defendant's employee. In the first count the wife seeks damages for her physical injury, pain and suffering, and in the second count her husband, as representative of the marital community, sought damages for economic and personal loss to him and such community.

In New Mexico the wife's separate property is defined as:

"All property of the wife owned by her before marriage and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof is her separate property. * * *" Sec. 65–304, N. M.S.A., 1941 Comp.

The husband's separate property is defined as:

"All property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof is his separate property."

Sec. 65–305, N.M.S.A., 1941 Comp.
Community property is defined as:

"All other real and personal property acquired after marriage by either husband or wife, or both, is community property; * * *". Sec. 65–401, N. M.S.A., 1941 Comp.

The questions involved have never been decided in New Mexico, but the other community property states except Louisiana (where a statute gives the cause of action to the wife) and Nevada (where the cause of action and the judgment for the injury, pain and suffering is held by judicial decision to belong to the wife) hold the cause of action, as well as the judgment for such injury, is property, and as such falls into the community as "other property" under identical or practically identical statutes as are quoted above.

In Louisiana and Nevada the wife may prosecute the action in her own name and the judgment belongs to her. In California the wife may bring the action under a special statute but the judgment and its proceeds belong to the community. In the other community property states if the parties are living together the action must be brought in the name of the husband, or in the name of the husband and wife, and the recovery belongs to the community. Except in Louisiana and Nevada, the negligence of the husband is imputed to the wife and bars a recovery for the community on account of her injuries.

The question of whether such a cause of action was community property was before this Court in Alarid v. Gordon, 35 N.M. 502, 2 P.2d 117, 118, but was not decided because of the state of the record. There the wife had stepped into an unlighted sewer ditch at night and brought suit in her name for her injuries, medical expenses, etc. Near the close of her case it was disclosed her husband had paid certain bills. At the close of her case the defendants moved for judgment on the ground that damages for personal injury to a married woman are community property and recoverable only at the suit of the husband, the head of the community. Thereupon the plaintiff asked leave to amend by joining her husband as a party plaintiff. He also formally asked to be permitted to join. These requests were granted and the joinder accomplished by filing an amended complaint. It was held the joinder of the husband made it unnecessary to decide whether the cause of action belonged in fact to the community. It was stated:

"So this case will be decided upon the assumption that the whole cause of action was in the husband as head of the community. Appellants so contend. Appellees do not seriously question it. Such seems to be the great weight of authority in the community property states. However, as the question is open in this jurisdiction, we desire to leave it open for further consideration of the reasoning upon which that conclusion has been based. We note that it has not escaped criticism. McKay, Community Property (2d Ed.) §§ 377–390."

The members of the Court participating in the case must have had serious doubts as to the reasoning of the courts holding such a cause of action to be community property, or else they would have there adopted the majority rule. The defendant asserted the cause of action was in the husband as head of the community; the plaintiffs did not seriously question the claim. The court, however, resisted the temptation to drift with the tide, and we have the question here presented in sharp conflict.

The courts which follow the majority rule adopt the holding in Chicago, Burlington & Quincy Railroad Co. v. Dunn, 52 Ill. 260, 4 Am.Rep. 606, that a cause of action for personal injuries is property, and then say it falls into the community as "other property" under the statute designating what is community property, disregarding the part of the opinion which says the cause of action belongs to the injured party. If there is any other reason stated in the many opinions of the courts following the majority rule, it has escaped our notice.

California early adopted the community property system. In Sheldon v. The Uncle

Sam, 1861, 18 Cal. 527, 79 Am.Dec. 193, the court, after stating the wife's injuries constituted a cause of action, said:

"* * * For this wrong the law entitles her to compensation in damages, and these damages can only be recovered in an action to which she is a party. The case in this respect must be determined by the rules of the common law, and if she were not a party we should be compelled to hold that damages of this nature could not be recovered. * * *"

In the year 1883, in Matthew v. Central Pacific Railroad Company, 63 Cal. 450, the Supreme Court of that state said:

"* * * The cause of action is hers. The husband was joined as a plaintiff because the common-law rule requiring that he do so is yet in force. But the husband could not himself recover for the personal injuries sustained by the wife. He might, however, recover such damages as he has suffered *in consequence* of such injuries. * * *"

In Tell v. Gibson, 1884, 66 Cal. 247, 5 P. 223, the court again recognized the existence of two distinct causes of action, one for the injury to the wife, and the other for the damages sustained by the community, thus refuting any idea that the cause of action for the personal injuries of the wife was community property.

In McFadden v. Santa Ana, O. & T. St. Ry. Co., 87 Cal. 464, 25 P. 681, 11 L.R.A. 252, the court, without even mentioning its prior decisions on the subject held the cause of action for personal injuries suffered by the wife was included in the term "other property," and was, therefore, community property. The courts of the other community states, except Texas, which follow the majority rule cite this case as their leading authority. The California courts have consistently followed this case except for a modification made by a District Court of Appeals in Franklin v. Franklin, 67 Cal. App.2d 717, 155 P.2d 637, wherein it was held the cause of action for personal injuries belonged to the injured spouse, and the community had no interest until judgment was rendered. The Supreme Court of the state refused to review the decision, but in the later case of Zaragosa v. Craven, 33 Cal.2d 315, 202 P.2d 73, 6 A.L.R.2d 461, it was disapproved. In this latter case the court, despite the able and well reasoned dissent of Justice Carter, held a judgment for the defendant in a case brought by the husband for personal injuries to himself was res judicata of the issues in a later case brought by the wife for injuries sustained by her in the same accident.

The Nevada statute specifying what is community property is almost identical with ours and in Fredrickson & Watson Const. Co. v. Boyd, 60 Nev. 117, 102 P.2d 627, 628,

it was held compensation for a personal injury belonged to the person injured. We quote from the opinion to show the reasoning of the court:

"In construing Section 3356, N.C.L., much depends upon the breadth of meaning given the word "acquired" as used therein. We are aware that a sufficiently broad definition can be given it so that it will envelop every known mode and manner of property acquisition, and thus be made to squarely fit the pattern of interpretation found in the cases dealing with like statutes in the community property states hereinbefore referred to. We are persuaded that the word should be read and interpreted in the light of the uses and purposes of community property and the establishment of community rights; and in so reading it we doubt very much whether it logically can be said that the Legislature used the word in the sense that it was to be all-comprehensive. It seems more logical to conclude that the word was used in the more restricted sense of embracing wages, salaries, earnings, or other property acquired through the toil or talent or other productive faculty of either spouse; that they did not have in mind compensation for an injury to the person which arises from the violation of the right of personal security, which said right the wife brings to the marriage."

In Hammonds v. Commissioner of Internal Revenue, 10 Cir., 106 F.2d 420, 422, Circuit Judge Phillips, a former New Mexico attorney and U. S. District Judge in the District of New Mexico, joined by Judge Bratton, also a former New Mexico attorney, District Judge and Justice of this Court, and Judge Williams, a former member of the Oklahoma Supreme Court, in determining what was community property, stated:

"It is a fundamental postulate of the community property system that whatever is gained during coverture, by the toil, talent, or other productive faculty of either spouse, is community property.

"Indeed, the sole source from which the community estate must arise is the toil, talent, or other productive faculty of the spouses and the earnings and income from community property itself."

In Morris v. Waring, 22 N.M. 175, 159 P. 1002, 1004, this Court said the doctrine that property acquired during marriage by exchange therefor of separate property remains separate property is contrary to the absolute letter of the statute, and was no doubt formulated by the courts out of necessity, and to render the right to separate property effective. It said:

" * * * If 'all other property acquired after marriage * * * is community property,' as is declared by the letter of the statute, then neither husband nor wife during coverture can acquire separate property except by gift, bequest, devise, or descent. If they have separate property, they must keep it just as it is, else if they sell or exchange it and invest in other property, the property so acquired will become common property. The letter of the statute would bring about this result. But the courts wisely ingrafted upon the doctrine the principle that where property is acquired during marriage by the sale or exchange of separate property, it remains separate property."

What do the students of community property law say of the rule that a cause of action for a personal injury of one spouse belongs to the community?

In a short review of a California case involving the statute of limitations for a personal injury to a wife, the author, Orrin K. McMurray, former Dean of the College of Jurisprudence, University of California, called the doctrine utter nonsense, and further said:

" * * * in truth, the doctrine is absurd, and, aside from some judicial dicta, can find no support. A person has no more property in a right to recover for a lost arm or leg, than he had cover for a lost arm or leg, than he had in the arm or leg itself." 2 Calif.L. Rev. 161, 162 (1914).

In an article by Green, The Texas Death Act, 26 Texas L.Rev. 461, the cases on the subject are discussed and the doctrine holding the cause of action belongs to the community is analyzed and, on the whole, strongly criticized. It also reviews the decision of the Nevada Supreme Court in Fredrickson & Watson Const. Co. v. Boyd, supra, with approval. Among other things, the author says:

"Aside from its other weighty arguments, the point made by the court in the concluding sentence quoted, viz., 'the right of personal security, which said right the wife brings to the marriage' has compulsion which cannot be successfully withstood. It places the emphasis where it belongs, i. e., upon the right of the wife to personal security. It is this right which has been injured and all that follows is incidental to it. *It is this right which she brought to the marriage and it continues to be hers as a person.* It is this right which she is seeking to vindicate."

The author then quotes the following from the Nevada opinion:

"In fixing the classification of the proceeds flowing from compensation for a personal injury to the wife in this case, it seems unnecessary to dis-

cuss the refinements involved in the question of whether a chose in action for a tort is property, for the reason that the judgment and proceeds flowing therefrom are conceded to be property, and the judgment takes its character from the right violated, namely, the right of personal security."

The author of the article then states:

. "This much should be added: this is the only case of all those examined in the course of this study in which any careful analysis, in fact any analysis, worthy of the name, is disclosed as having been given to the problem except that in Franklin v. Franklin (67 Cal.App.2d 717, 155 P.2d 637) in which the California court attempted to escape from the toils of the doctrine it had done so much to create."

As heretofore shown, the California Supreme Court later repudiated the Franklin case.

In McKay, Community Property, (2d Ed.) Sec. 378, it is stated:

" * * * While the common law always regarded the wife as the holder of the right to her personal security, and gave to her, not to her husband, the cause of action for its violation, he was able to obtain as his own the compensation paid in satisfaction of such a wrong just as he was able to obtain any other chattel property coming to her. He was able to do this because of his marital power; but his marital power and her disability have been removed. Now, the same as at the common law, she holds as her own the right to her personal security; now, the same as at common law the cause of action for the violation of her right of personal security should be held to be hers, and, in this age, it follows the compensation should be hers. To take from her, the cause of action and the compensation impairs her right of personal security, which the law of community was not intended to do."

Before again quoting from McKay, it may be well to state it is undisputed that under Spanish law the right of action for the violation of the wife's right of personal security, as well as the right to the proceeds of the judgment, were in the wife. We now quote from Sec. 379, McKay, op. cit.:

"In the states of California, Idaho, Texas and Washington the courts reason that a cause of action for a personal injury is a chose in action and, therefore, property, and if the person injured is married, it is acquired during marriage, by a mode of acquisition not named as separate by statute, and is therefore common by force of the statutory formula.

"Those who reason this way must establish that the right of the wife's per-

sonal security is not her own, but belongs to the community, or that the violation of an individual or separate right may give rise to a community right to have the compensation. Neither proposition is in accord with common-law principles.

"They do not start with the primary right and follow it in its regular course of development to its violation, and on to compensation, but they start at a point outside the line of its development, and cross that line at right angles at the point where the right to personal security takes on the character of a right to have pecuniary compensation, and assuming, contrary to the common law, that at this point it has become property, push it out of its regular course, and across the line into the field of property.

"It may be urged that compensation is made by a transfer of property, and that the cause of action is potential or inchoate property. Conceded if you please, for the present, and what is the effect? You have not yet got rid of the fact that the cause of action takes its character as separate or common from the primary right—the right to personal security, which right is individual, and can not be held in common with another. Because it is individual it is also separate. It is separate not because of the classification made by the statute defining separate and common property, but by legal principles outside those statutes, which antedate the statutes and were not repealed by them."

For an analysis of the decisions of the community property states the student is referred to the sections in McKay immediately following.

In de Funiak, Principles of Community Property, Sec. 82, beginning on page 225, it is stated:

"The frequently evident dissatisfaction with, the frequently inadequate reasons given for the doctrine that compensation for personal injuries to a spouse is community property lie in an incomplete understanding of the true principles of community property. This incomplete understanding in itself often leads to a too literal interpretation of the local statutes. The misgivings of some courts in respect to exchanges during marriage of separate property for other property have already been instanced; that is, they have sometimes felt that the property received in exchange should also be separate property, but yet when they view the local statutes with provisions to the effect that all property acquired during marriage is community property except that received by gift, bequest, devise or in-

heritance, they become worried. Property received by way of exchange, they reason, is not received through gift, etc., and is acquired during marriage, therefore doesn't the statute require by its absolute letter that property received by way of exchange be considered community property? Their usual decision to consider the property received in exchange for separate property as taking the character of separate property is a fortunate triumph of common sence over a lack of understanding of the principles of community property. But apparently the courts are inclined to apply a similar reasoning to the right of action for personal injuries and to the compensation received; that is, it is property acquired during marriage and is not acquired by gift, etc., therefore it must be community property. But this overlooks the principles of onerous and lucrative titles and other pertinent principles. Except for gifts clearly made to the marital community, community property only consists of that which is acquired by onerous title, that is by labor or industry of the spouses, or which is acquired in exchange for community property (which, of course, was acquired itself by onerous title, again with the exception as to the gift). It must be plainly evident that a right of action for in-

juries to person, reputation, property, or the like, or the compensation received therefor, is not property acquired by onerous title. The labor and industry of the spouses did not bring it into being. For that matter, it is not property acquired by lucrative title either. What then, is it? Since the right of action for injury to the person, or for that matter, to the reputation, is intended to bring about compensation for the injury, and the compensation is intended to repair or make whole the injury, so far as is possible in such a case, the compensation partakes of the same character as that which has been injured or suffered loss. In this respect, the situation is very similar to an exchange of property during marriage. But what or who has been injured? Is it the marital community or is it the separate individuality of the spouse? In actuality, both. The physical injury to the spouse, the pain and suffering of the spouse therefrom is an injury to the spouse as an individual. If the spouse also suffers monetary loss to separate property or from inability to pursue allowable separate projects, that also is a loss to the spouse separately and as an individual. But on the other hand, if the injury deprives the marital community of the earnings or services of the spouse, that is an injury to the marital community; like-

wise there is loss to the community where the community funds are expended for hospital and medical expenses, etc. Since the husband is usually the breadwinner, contributing definite earnings, the loss to the marital community resulting from an injury to him is more obvious and more easily calculable in monetary figures. Therefore, there is usually little question that an injury depriving the community wholly or partly of his earnings is an injury to the community. If the wife is contributing earnings to the marital community, any injury interrupting or lowering these earnings is equally, as in the case of the husband, an injury to the community, and a cause of action for such injury is property of the community. This has been recognized even in a state where the statute makes damages resulting from personal injury to the wife the separate property of the wife. Even if the wife is not contributing earnings to the marital community, her services are a definite asset of the marital community, and the community, if wholly or partly deprived of them, suffers a loss which should render the right of action and the compensation therefor the property of the community. It is not alone the question of hospital and medical bills involved, although these are definitely a drain on the community property;

it may be necessary to employ someone to keep house, to look after the children, the expenses for which definitely tend to indicate the value of the wife's services to the marital community and the loss thereto by deprivation of her services."

It will be remembered this Court in the Waring case, supra, held property received in exchange for separate property continued to be separate property, thus refusing to follow the literal wording of the statute.

 The statement just quoted from de Funiak, op. cit., Sec. 82:

"Except for gifts clearly made to the marital community, community property only consists of that which is acquired by onerous title, that is, by labor or industry of the spouses, or which is acquired in exchange for community property (which, of course, was acquired itself by onerous title, again with the exception as to the gift)."
is of special significance when we recall the holding of the Circuit Court of Appeals of the Tenth Circuit in the Hammonds case, supra, where Judge Phillips said [106 F.2d 422]:

"Indeed, the sole source from which the community estate must arise is the toil, talent, or other productive faculty of the spouses and the earnings and income from community property itself."

While, of course, the opinion of the Circuit Court of Appeals is not binding upon us, still, because of the identity of its author and the other judges participating, it is entitled to great weight in a consideration of this case.

We are of the opinion that reason, justice and a fair interpretation of our community statute, construed either in the light of the common or Spanish law, require that we hold the cause of action for the personal injury to the wife, and for the resultant pain and suffering, belongs to the wife, and that the judgment and its proceeds are her separate property. She brought her body to the marriage and on its dissolution is entitled to take it away; she is similarly entitled to compensation from one who has wrongfully violated her right to personal security. If any writer has ever said a kind word for the majority holding, it has escaped our notice.

Under the majority doctrine, if the wife were riding a horse she had brought to the marriage and some driver of a motor vehicle negligently struck her and the horse, throwing both into a wire fence, breaking the leg of each and also disfiguring them, the cause of action for the damage to the horse would belong to the wife, but that for the injury to her would belong to the community and the husband would receive one half of the proceeds of a judgment. In addition, the husband could, if he desired, refuse to bring suit for the injuries the wife had sustained. We decline to adopt such a rule in New Mexico.

The cause of action for the damages to the community for medical expenses, loss of services to the community, as well as loss of earnings, if any, of the wife still belongs to the community, and the husband as its head is the proper party to bring such an action against one who wrongfully injures the wife.

Section 19–606, N.M.S.A., 1941 Comp., permits a married women to sue and be sued as if she were unmarried. This gives her authority to institute and maintain an action for her physical injuries, pain and suffering in her own name without the joinder of her husband.

We conclude, therefore, that each count of the complaint stated a cause of action and under our Rules of Civil Procedure were properly joined, and that the trial court erred in dismissing the first count.

The judgment dismissing the first count and directing a severance will be reversed, and the cause remanded to the District Court to set aside such judgment, reinstate the first count and proceed in accordance with the views herein expressed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and COORS, JJ., concur.