269 P.2d 748

ROMERO v. ROMERO.

No. 5739.

Supreme Court of New Mexico.

April 21, 1954.

Tibo J. Chavez, Denis Cowper, Belen, Robert Emmet Clark, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for appellee.

LUJAN, Justice.

This was an action for damages for personal injuries suffered by plaintiff in an automobile accident. In her complaint she alleged that on a date stated the defendant negligently left the motor of his automobile running while their two and one half year old daughter sat in the front seat; that during his absence the child pulled the gear lever causing the car to be set in motion thereby striking and inflicting upon her serious injuries. The defendant moved the court to dismiss her complaint because it could not be maintained on account of their legal status. The court sustained the motion and entered an order dismissing the complaint on the ground that "an action for negligence between husband and wife will not lie", from which plaintiff appeals.

The sole question is? Can a wife in this state maintain an action against her husband for a personal tort committed by him against her during coverture. Plaintiff contends that she can, under the following statute, 1941 Compilation, Section 19–606:

"Married woman.—A married woman shall sue and be sued as if she were unmarried. (Laws 1897, ch. 73, § 8; C.L.1897, § 2685(8); Code 1915, § 4075; C.S.1929, § 105–109.)"

He also cites Section 19–607, which provides:

"Married infants—Suits between spouses.—(Suits by infants may be commenced and prosecuted, either: First, by the guardian, or; second, by a next friend;) Provided, however, that an infant who has been lawfully married, may institute, prosecute to judgment or defend any action against his or her lawful wife or husband in his or her own name without a guardian or next friend. (Laws 1897, ch. 73, § 9; C.L.1897, § 2685(9); Code 1915, § 4080; Laws 1921, ch. 34, § 1, p. 51; C.S.1929, § 105–201.)"

■ At common law it was well settled that one spouse could not sue the other in tort for personal injuries. 41 C.J.S., Husband and Wife, § 396, pp. 877 to 885; 27 Am.Jur. pages 191 to 198. The common law has by statute been adopted by the State of New Mexico. Section 19–303, provides:

"Common law is rule of practice and decision.—In all the courts in this state the common law as recognized in the United States of America, shall be the rule of practice and decision. (Laws 1875–1876, ch. 2, § 2; C.L.1884, § 1823; C.L.1897, § 2871; Code 1915, § 1354; C.S. 1929, § 34–101.)"

Thus, the common law rule that a wife does not have a cause of action against her husband for tort was in force in New Mexico in 1897 when Section 19–606, supra, was enacted.

In the states of Kansas and Montana, which have statutes similar to ours, it was held that a wife could not maintain an action against her husband for a personal tort committed against her.

In Sink v. Sink, 172 Kan. 217, 239 P.2d 933, 934, a wife sued her husband for injuries sustained by her while riding with him in his automobile.

Section 60–404 General Statutes of Kansas, 1949 Annotation. "A married woman may sue and be sued in the same manner as if she were unmarried." The court said:

"A few cases to the contrary may be found, but the reasoning in those cases has been criticized in many of the cases above cited. We do not care to follow them. The reason normally given by the courts for such refusal is that it would be contrary to public policy and tend to disrupt the marital relation. We think the reasoning sound."

In Conley v. Conley, 92 Mont. 425, 15 P.2d 922, 925, the wife sued her husband for personal injuries received by her, caused by the negligence of her husband's chauffeur, while she was riding, at his invitation, as a passenger in his car. The Montana statute reads:

Section 36–128, 1947 Rev.Code, Annotated. "A married woman may sue and be sued in the same manner as if she were sole."

The court refused recovery, stating:

"Clearly, the object of the Married Women's Act of Montana was to relieve the wife of common-law disabilities; among others, to place the wife on an equality with her husband with respect to property matters, the right to contract, and to sue and be sued. We see nothing in any of the foregoing statutes to indicate a purpose to create a right which neither husband nor wife had at common law.

"These sections do not attempt to confer greater rights of action upon a married woman than are possessed by her husband. * * * 'By legislation common-law disabilities of the wife have been largely lifted, but lifting a disability does not operate to grant a right of action theretofore nonexistent between husband and wife. * * * Surely the Legislature, in conferring equality of right to sue did not confer a right of action never possessed by husband or wife at common law.' * * *"

And in Austin v. Austin, 136 Miss. 61, 100 So. 591, 592, 33 A.L.R. 1388, the wife sued her husband for personal injuries sustained by her in an automobile accident

which was driven by her husband. Their statute reads:

Section 452, Mississippi Code, 1942, Annotated. "Husband and wife may sue each other."

The court in denying recovery, said:

"Our Constitution and statutes on the subject were enacted for the purpose of striking down the inequalities existing between husband and wife. The intent was to put the wife on the exact equality with her husband—to emancipate her from the common-law slavery to her husband. It was not the purpose of the makers of our Constitution nor of the Legislature to entirely destroy the unity of man and wife with all the incidents flowing therefrom. * * * It would be hard to conceive of what good purpose would be accomplished by such suits. For illustration: The husband and wife are living together. She recovers judgment against him for an assault and battery and collects the judgment and puts the money in bank to her credit. They continue to live together as man and wife, if the lawsuit has not separated them. Result: The money would still be available for family purposes, except what had been expended in court costs and lawyers' fees. It would be like the husband taking money out of one of his pockets and putting it back in another."

Many other states have written decisions upon the question of the liability in tort of one spouse to the other. We have no reason here to write a dissertation upon the question. A treatise on this subject can be found in 41 C.J.S., and 27 Am.Jur., supra. Opinions bearing upon the question herein involved are collected in the annotation in 6 A.L.R. 1036; City of Trenton v. State, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937, 29 A.L.R. 1482; 33 A.L.R. 1406; 44 A.L.R. 794; Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 48 A.L.R. 293; 89 A.L.R. 118; Fehr v. General Acc. F. & L. Assur. Corp., 246 Wis. 228, 16 N.W.2d 787, 160 A.L.R. 1406; Callow v. Thomas, 322 Mass. 550, 78 N.E.2d 637, 2 A.L.R.2d 632; and Yellow Cab Co. v. Dreslin, 86 App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001.

In the cases cited in the treatises and annotations above mentioned it is held almost uniformly that a wife cannot sue her husband for a tort committed against her.

There are, indeed, decisions to the contrary by the courts of Alabama, Arkansas, Colorado, Connecticut, Idaho, New Hampshire, New York, North Carolina, Ohio, Oklahoma, South Carolina and Wisconsin, but we are unable to accept them and do not care to follow them.

The case of Soto v. Vandeventer, 56 N.M. 483, 245 P. 826, cited by the defendant did not involve a suit between wife and husband for a tort committed against her. It was a tort action by the wife against a third person. In that decision we were primarily concerned with a community property question. The proposition was whether she could sue a third person alone and whether she could retain the proceeds of a judgment as her sole and separate property. We held that she could sue a third person without the joinder of her husband, for personal injuries inflicted upon her, and could retain as her sole and separate property the proceeds from a judgment rendered in her favor.

 It appears to have been the purpose of the act of 1897 (19–606 supra.) to give the wife a remedy to sue alone for actionable wrongs which formerly could not be independently redressed. It removed the common law procedural barrier that a wife must join with her husband in all actions for or against her, but, we are of opinion, and so hold, that it did not create a substantive right of action against her husband for a tort committed against her. This view is not only supported by the decision of the United States Supreme Court in Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180, but is in accord with the general weight of authority as is reflected by decisions of thirty sister states and the territories of Alaska and Hawaii. The judgment of the district court should be affirmed.

It Is So Ordered.

McGHEE, C. J., and SADLER, COMPTON and SEYMOUR, JJ., concur.