360 P.2d 400

Clifton F. RODGERS, Defendant and Third-Party Plaintiff-Appellant,

v.

Jose R. GALINDO, Third-Party Defendant-Appellee.

No. 6767.

Supreme Court of New Mexico.

March 14, 1961.

J. D. Weir, J. R. Crouch, Las Cruces, for appellant.

LaFel E. Oman, Garnett R. Burks, Jr., Las Cruces, for appellee.

MOISE, Justice.

Suit was instituted by Emma Galindo against Clifton F. Rodgers, hereinafter referred to as appellant, alleging that while a passenger in an automobile being driven by her husband, Jose R. Galindo, hereinafter referred to as appellee, she was injured because of the negligence of appellant. Appellant was granted permission to bring in appellee as a third-party defendant, and in the third-party complaint alleged that the accident and injuries to Emma Galindo were solely caused by the negligence of appellee or, in the alternative, if it were determined that appellant was in any way negligent he would be entitled to judgment over against appellee for all or part of any recovery by Emma Galindo because of appellee's concurrent negligence.

A motion for summary judgment under § 21–1–1(56) (b), N.M.S.A.1953, was filed by appellee to which was attached an affidavit of himself and Emma Galindo asserting that at all times material they·were husband and wife.

■ From an order granting summary judgment and dismissing the third-party complaint this appeal is prosecuted. The only question presented is whether or not in a suit brought by a married woman for a tort against her, the defendant can seek and obtain contribution from plaintiff's husband as a joint tortfeasor. The procedure by which this was undertaken is not in issue. It is authorized in § 21–1–1(14), N.M. S.A.1953.

■ It is settled in New Mexico that a wife cannot sue her husband and recover

for a tort committed against her by him. Romero v. Romero, 58 N.M. 201, 269 P.2d 748. Appellant, while recognizing this rule asserts that a different result should be reached when the rights of third parties are involved, and calls our attention to the case of Fisher v. Diehl, 156 Pa.Super. 476, 40 A.2d 912, and other cases rising in Pennsylvania. Although it is true that these cases support appellant's position, they do not represent the weight of authority in this country. This was recognized by the Pennsylvania Supreme Court in the case of Puller v. Puller, 380 Pa. 219, 110 A.2d 175, decided in 1955. Also, it is worthy of note that although between the time Fisher v. Diehl, supra, and Puller v. Puller, supra, were decided, Pennsylvania had adopted the Uniform Contribution Among Tortfeasors Act (12 P.S. §§ 2082–2089), nevertheless no mention was made in Puller v. Puller that any different result was thereby indicated. Nor has any possible change in the rule resulting from adoption of the Act been subsequently noticed so far as we are able to determine. See Kiser v. Schlosser, 389 Pa. 131, 132 A.2d 344, decided in 1957.

The following cases all deny contribution from the spouse of the plaintiff where negligence of the spouse may have concurred with that of the defendant. Ackerson v. Kibler, 232 App.Div. 306, 249 N.Y.S. 629; American Auto Ins. Co. v. Molling, 239 Minn. 74, 57 N.W.2d 847; Reed v. Stone, D.C.Me., 176 F.Supp. 463; Yellow Cab Co. of D. C., Inc. v. Dreslin, 86 App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001. The following cases arrive at the same conclusion and are from states which, like New Mexico, have adopted the Uniform Contribution Among Tortfeasors Act: Kennedy v. Camp, 14 N.J. 390, 102 A.2d 595; Ferguson v. Davis, 9 Terry 299, 48 Del. 299, 102 A.2d 707; Ennis v. Donovan, 222 Md. 536, 161 A.2d 698. Compare Scruggs v. Meredith, D.C.Haw., 135 F.Supp. 376, being a suit by unemancipated children for injuries to their mother.

These cases generally proceed upon the premise that since the wife has no right of action against the husband for tort the joint tortfeasor cannot obtain contribution from him. The note writer in 19 A.L.R.2d 1003, states it thus:

"The courts have recognized and applied with practical unanimity the rule that to entitle a tortfeasor to contribution from another tortfeasor whose negligence has concurred in producing an injury to a third person, such third person must have an enforceable cause of action not only against the tortfeasor seeking contribution but also against the one against whom contribution is sought.

"In the application of this universally recognized rule of contribution between joint tortfeasors, the courts in most of the few cases passing upon the question have denied to a tortfeasor the

right to contribution from one whose concurrent negligence produced the injury of the plaintiff in the tort action, where, because of a marital, filial, or other family relationship between such injured person and the tortfeasor against whom contribution is sought, the former had no enforceable right of action against the latter, since the element of common liability of both tortfeasors to the injured person, essential to the right of contribution, is lacking in such cases."

Our statute, being the Uniform Contribution Among Tortfeasors Act (§§ 24–1–11 to 24–1–18, incl., N.M.S.A.1953) requires the same conclusion. §§ 24–1–11 and 24–1–12, provide as follows:

"24–1–11. For the purposes of this act (24–1–11 to 24–1–18) the term 'joint tortfeasors' means two (2) or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."

"24–1–12. (1) The right of contribution exists among joint tortfeasors. * * *"

We had occasion in Beal by Boatwright v. Southern Union Gas Co., 62 N.M. 38, 304 P.2d 566, 568, to state that "Our tortfeasors' contribution act is applicable only in instances where joint tortfeasors share a common liability." In that case we held that the liability of an employer was limited to that required under our workmen's compensation act, and no contribution could be obtained by a third party who was responsible to plaintiff for negligence. Also see Downing v. Dillard, 55 N.M. 267, 232 P.2d 140.

The language of § 24–1–11 quoted above requires "two (2) or more persons jointly or severally liable in tort for the same injury" before they are "joint tortfeasors." Accordingly, since the husband is not liable to the wife, Romero v. Romero, supra, joint or several liability is absent and contribution is not contemplated or permitted.

As in the other jurisdictions where this question has arisen it is argued that to deny contribution results in permitting the husband to profit by his own wrong at the sole expense of the other tortfeasor. It is only a partial answer to point out that if there is a recovery in this case it would be the separate property of the wife. Soto v. Vandeventer, 56 N.M. 483, 245 P.2d 826, 35 A.L.R.2d 1190. Be this as it may, in order for us to arrive at a conclusion favorable to appellant it would be necessary for us either to reverse ourselves on the doctrine of marital immunity approved in Romero v. Romero, supra, or to alter our interpretation of our Uniform Contribution Among Tortfeasors Act to allow contribution if joint tortious conduct was present rather than to predicate it upon joint or several liability as plainly required by the language of the statute, and as held by us in Beal by

Boatwright v. Southern Union Gas Co., supra. This we decline to do.

The judgment appealed from is accordingly affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and NOBLE, JJ., not participating.