506 P.2d 345

**Consuelo R. FLORES, Plaintiff-Appellant,**

v.

**Augustine FLORES, Defendant-Appellee.**

**No. 1022.**

Court of Appeals of New Mexico.

Jan. 19, 1973.

Certiorari Denied Feb. 15, 1973.

**602**

C. A. Feezer, Dow & Feezer, Carlsbad, for plaintiff-appellant.

Lon P. Watkins, Carlsbad, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Husband-defendant knifed plaintiff-wife, inflicting personal injuries. Wife sued for damages which included loss of wages and medical expenses. The trial court granted summary judgment for defendant on the basis that ". . . Plaintiff is precluded from suing the Defendant in tort. . . ." We reverse, holding that one spouse may sue the other for intentional torts. We also discuss the damage claims of lost wages and medical expenses.

*Suits between spouse for intentional torts.*

Section 21-6-6, N.M.S.A. 1953 (Repl. Vol. 4) states: "A married woman shall sue and be sued as if she were unmarried." Romero v. Romero, 58 N.M. 201, 269 P.2d

748 (1954) held this statute ". . . removed the common law procedural barrier that a wife must join with her husband in all actions for or against her, but . . . it did not create a substantive right of action against her husband for a tort committed against her. . . ." Plaintiff challenges the correctness of this interpretation of § 21-6-6, supra, because of decisions in other states. See Hosko v. Hosko, 385 Mich. 39, 187 N.W.2d 236 (1971); Freehe v. Freehe, 81 Wash.2d 183, 500 P. 2d 771 (1972).

It is unnecessary to consider the meaning of § 21-6-6, supra. We assume, in this case, that § 21-6-6, supra, did not affirmatively authorize a wife to sue her husband for a tort committed during the marriage. Conversely, there is no statute which affirmatively states that one spouse may not sue the other. We do not decide the issue on the basis of statutory law.

"At common law it was well settled that one spouse could not sue the other in tort for personal injuries. . . ." Romero v. Romero, supra; see also Rodgers v. Galindo, 68 N.M. 215, 360 P.2d 400 (1961). *Romero,* supra, and *Rodgers,* supra, applied this common law rule in holding that one spouse may not sue the other for personal injuries. The question is whether the common law rule is applicable in this case.

Husband admitted that he entered a plea of guilty to aggravated battery. Aggravated battery is an intentional act. Section 40A-3-5, N.M.S.A.1953 (Repl.Vol. 6). We limit our consideration of the common law rule to the facts of this case—that of intentional injury. *Romero,* supra, and *Rodgers,* supra, are distinguishable—they dealt with negligent injuries.

Various apologiae have been advanced for the common law rule. We consider them.

■ (a) At common law, the husband and wife were considered as one person. Such "legal identity" does not exist in New Mexico. This is shown by § 21-6-6, supra, by § 57-2-6, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2) which authorizes spouses to contract

with one another in regard to property and by statutory provisions recognizing the separate property rights of the wife. Sections 57–3–4, 57–3–6, 57–3–9, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2). See McDonald v. Senn, 53 N.M. 198, 204 P.2d 990, 10 A.L.R.2d 966 (1949). Spouses are equal partners in New Mexico. Roseberry v. Starkovich, 73 N.M. 211, 387 P.2d 321 (1963).

(b) The common law rule is necessary to maintain conjugal harmony. Conjugal harmony is no more threatened by tort actions than by property actions, and these are permitted. Trigg v. Trigg, 37 N.M. 296, 22 P.2d 119 (1933); § 57–2–6, supra.

(c) Suits between spouses would encourage collusion and fraud. This might be relevant in a claim of negligent tort but we question the relevancy where plaintiff must prove that defendant acted intentionally. Regardless, courts have been able to cope with collusion and fraud claims in other situations, and can cope with them in husband-wife suits.

(d) The injured spouse has an adequate remedy through the criminal and divorce laws. We fail to understand how. Defendant has been convicted of a crime; the parties are now divorced. The criminal action enforced society's prohibition against defendant's conduct; it did not purport to remedy the wrong done to the victim of the crime. Divorce actions, which are statutory, do not purport to provide a remedy for personal injuries. Neither the criminal law nor the divorce action provide a remedy to plaintiff for the results of the knifing; a knifing which violated the wife's right to personal security. Soto v. Vandeventer, 56 N.M. 483, 245 P.2d 826, 35 A.L.R.2d 1190 (1952).

(e) To permit suits between spouses would flood the courts with trivial matrimonial disputes. Any validity to this argument would depend on whether the flood actually materializes. The states which permit such suits do not appear to have been inundated.

The foregoing reasons for the common law rule are discussed and found to be invalid in Windauer v. O'Connor, 13 Ariz. App. 442, 477 P.2d 561 (1970) [however, see 107 Ariz. 267, 485 P.2d 1157 (1971)]; Self v. Self, 26 Cal.Rptr. 97, 376 P.2d 65 (1962); Freehe v. Freehe, supra.

In our opinion, when a man has intentionally laid open his wife's body with a knife ". . . he is no longer exempt from liability to her on the ground that he vowed . . . to 'love, cherish, and protect' her. We have progressed that far in civilization and justice. . . ." Bogen v. Bogen, 219 N.C. 51, 12 S.E.2d 649 (1941). The common law prohibition cannot be justified in New Mexico because the reasons for the rule are no longer valid.

■ Defendant contends the common law rule must be applied because by statute the common law is the rule of practice and decision in New Mexico. Section 21–3–3, N.M.S.A. 1953 (Repl.Vol. 4). The answer is that the common law is not the rule of practice and decision if "inapplicable to conditions in New Mexico." Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942 (1938). If the common law is not "applicable to our condition and circumstances" it is not to be given effect. Browning v. Est. of Browning, 3 N.M. (John) 371, 3 N.M. (Gild) 659, 9 P. 677 (1886); see Martinez v. Cook, 56 N.M. 343, 244 P.2d 134 (1952). The common law rule is not to be applied to bar suits between spouses because liability free intentional injury to one's spouse does not reflect the circumstances in New Mexico.

Defendant also asserts that any change in the common law rule is a matter for the legislature. ". . . This argument ignores the fact that the rule is not one made or sanctioned by the legislature, but rather is one that depends for its origins and continued viability upon the common law. . . ." Freehe v. Freehe, supra. The rule was originally formulated by the courts; it is for the courts to change the

**604**

rule if it is unwise. See Self v. Self, supra. Compare Stang v. Hertz Corporation, 83 N.M. 730, 497 P.2d 732 (1972).

We hold that one spouse may sue the other for intentional torts. Windauer v. O'Connor, supra; Self v. Self, supra; Apitz v. Dames, 205 Or. 242, 287 P.2d 585 (1955). Compare Ennis v. Truhitte, 306 S.W.2d 549 (Mo.1957) with Smith v. Smith, 205 Or. 286, 287 P.2d 572 (1955).

*Lost wages and medical expenses.*

A cause of action for personal injury to the wife belongs to the wife and any proceeds recovered are her separate property. In so holding, Soto v. Vandeventer, supra, states:

"The cause of action for the damages to the community for medical expenses . . . as well as loss of earnings, if any, of the wife still belongs to the community, and the husband as its head is the proper party to bring such an action against one who wrongfully injures the wife."

The quoted statement raises the question of whether the defendant in this case is the proper party to sue himself for the medical expenses and loss of earnings for which plaintiff seeks damages. The question is spurious in this case.

There is no claim here for community medical expenses. The complaint alleged that the wife incurred the medical expenses. Section 57–3–9, supra, makes the separate property of the wife liable "for her own debts" contracted after marriage. Until community indebtedness for the medical expenses is established, the statement in Soto v. Vandeventer, supra, is not applicable. However, in that situation, see the solution in Freehe v. Freehe, supra.

As to the claimed loss of earnings, the statement in Soto v. Vandeventer, supra, is inapplicable because the parties agree they were separated at the time of the knifing. Section 57–3–7, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2) states: "The earnings . . . of the wife . . . while she is living separate from her husband, are the separate property of the wife." Where the parties are not separated at the time of the intentional tort, see Freehe v. Freehe, supra.

The summary judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.