815 P.2d 432

**Richard BLANKENSHIP and Deborah Blankenship, parents of Justin Blankenship, deceased, Plaintiffs-appellants,**

v.

**David WEIDNER, Jr., Defendant-respondent.**

No. 18535.

Supreme Court of Idaho,
Lewiston, April 1991 Term.

July 26, 1991.

Aherin & Rice, Lewiston, for plaintiffs-appellants. Darrel W. Aherin argued.

Evans, Craven & Lackie, Coeur d'Alene, for defendant-respondent. Jarold P. Cartwright argued.

BAKES, Chief Justice.

Plaintiffs Richard and Deborah Blankenship, residents of the State of Washington, brought a wrongful death action in Idaho against defendant David Weidner, also a Washington resident, claiming he was responsible for the death of their five-year-old son. The jury found Richard Blankenship and the defendant Weidner to be each 50% negligent. The trial court entered judgment for defendant and the plaintiffs appealed. We affirm.

On September 16, 1984, plaintiff Richard Blankenship, his five-year-old son Justin Blankenship, and the defendant David Weidner, all Washington residents, went gathering firewood in Idaho. In the late afternoon the defendant was driving one of the two pickups they were using to gather wood. Richard and Justin were riding on the back when the defendant put the truck in reverse and moved the truck backward, causing Justin to fall from the truck. The rear wheel of the truck ran over Justin's head and, as a result, Justin died as the parties drove to seek medical help.

Plaintiffs brought a wrongful death action in Idaho as "husband and wife, natural parents of Justin J. Blankenship, deceased."[1] The case was tried to a jury. At the close of the evidence, the court held the jury instruction conference outside the presence of the jury. While the attorney for the plaintiffs argued that the negligence of the plaintiff Richard Blankenship should not be imputed to his wife, plaintiff Deborah Blankenship, nevertheless plaintiffs' attorney submitted a jury instruction on comparative negligence based upon *Seppi v. Betty*, 99 Idaho 186, 579 P.2d 683 (1978), and *Odenwalt v. Zaring*, 102 Idaho

1. In December of 1988, nearly 2½ years after the filing of the complaint, plaintiffs sought leave to amend their complaint to add a new party, Richard A. Blankenship as personal representative of the estate of Justin Blankenship, and to allege an heirship claim under I.C. § 5–311. The trial court denied leave to file the amended complaint. No issue has been raised on appeal regarding the trial court's refusal to permit the filing of the amended complaint.

1, 624 P.2d 383 (1980), which read in relevant part as follows:

## PLAINTIFF'S PROPOSED INSTRUCTION NO.
### 16

If you find that plaintiff Richard Blankenship was negligent and that his own negligence contributed to the cause of the accident in question, then you are advised that the amount of damages that you find *the plaintiffs* to have sustained will be reduced by the percentage of negligence you have attributed to plaintiff Richard Blankenship, subject, however, to the following:

If the negligence of Richard Blankenship equals or exceeds 50% of the negligence that proximately caused the accident, then *the plaintiffs* will not recover any damages from the defendant. (Emphasis added.)

The court gave the foregoing portion of Plaintiffs' Proposed Instruction No. 16 as the court's Instruction No. 18.[2] The jury returned a special verdict finding both the defendant and Richard to be 50% negligent. Because Plaintiff's Instruction 16 advised the jury that if they found Richard to be 50% or more negligent the plaintiffs could not recover any damages from the defendant, the jury did not answer the remainder of the verdict questions regarding damages. After trial, plaintiffs' counsel asked the court to reconvene the jury to answer Question 5 of the Special Verdict, which asked for the amount of Deborah Blankenship's damages. The court refused, pointing out that pursuant to Plaintiff's Requested Instruction No. 16, which the court gave, Richard Blankenship's negligence was imputed to Deborah and both were denied recovery. Plaintiffs moved for

j.n.o.v., or amended judgment or new trial on the issue of damages. The trial court denied the motions.

On appeal, the Blankenships assert that the trial court erred in imputing Richard's negligence to Deborah. Blankenships rely on *Rogers v. Yellowstone Park Co.*, 97 Idaho 14, 539 P.2d 566 (1975), which held that in a tort action by one spouse against another, the non-negligent spouse could recover for her personal injuries sustained in a car wreck caused solely by the negligent conduct of her husband. Blankenships argue that all of the justifications for allowing the plaintiff's recovery in *Rogers* exist in this case as well, and therefore Richard's negligence should not preclude Deborah from being compensated for the damages that are unique to her.

As noted previously, the jury found David Weidner and Richard Blankenship each 50% negligent and, based upon plaintiffs' own Requested Instruction No. 16 (given Instruction No. 18), the jury did not award any damages to plaintiff Deborah Blankenship because Instruction No. 18 precluded recovery of any damages by either plaintiff if Richard's negligence "equals or exceeds 50%." Blankenships argue that their instruction, which they requested, was not a correct statement of the law, in light of our holding in *Rogers v. Yellowstone Park*, and that the trial court erred in giving their Requested Instruction No. 16. We disagree.

█ Our law is clear that where the litigants request an instruction and the trial court gives it, they cannot thereafter claim on appeal that the giving of the instruction was error. As we stated in *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976):

The plaintiffs further argue that the court erred in giving the instruction de-

---

**2.** Since the special verdict only submitted the issue of the negligence of plaintiff Richard Blankenship and defendant David Weidner to the jury for their consideration, the trial court eliminated the following paragraph in Plaintiff's Proposed Instruction No. 16:

If the negligence of Richard Blankenship is less than 50% of the negligence, then *plaintiffs* will not recover any damages unless the negligence attributable to Richard Blankenship is

less than the negligence attributable to the defendant. (Emphasis added.)

Although this portion of Plaintiff's Proposed Instruction No. 16 was not given because it was inappropriate where only the negligence of two parties was submitted to the jury, that paragraph also imputed Richard Blankenship's negligence to Deborah Blankenship, just as the prior paragraph in Plaintiff's Proposed Instruction No. 16 did.

fining the defense of assumption of risk. This instruction was substantially identical to the plaintiffs' requested instruction, differing from their requested instruction only by substituting the name "Richard Anderson" for the term "decedent" and the term "plaintiff" for the name "Richard Anderson." By having requested this instruction, the plaintiffs were precluded from assigning it as grounds for reversal upon appeal, regardless of whether it was a correct statement of the law.

97 Idaho at 823, 555 P.2d at 154.

■ Blankenships attempt to justify having requested the instruction by suggesting during argument on appeal that the trial court "solicited" the *Seppi* instruction during the course of trial, and that the instruction was submitted in response to that request. We find this argument unpersuasive.

First, there is nothing in the record to support the claim that the trial court "solicited" the particular Instruction No. 16 which the plaintiff requested. The appellants acknowledge that the alleged discussion concerning a *Seppi* instruction was "off the record." That is reflected in the colloquy between this Court and appellants' counsel during the oral argument:

THE COURT (Justice Johnson): Mr. Aherin, plaintiffs' proposed Instruction No. 16 was the instruction you had faxed and presented to the court as an additional proposed instruction, is that correct?

MR. AHERIN: Yes.

THE COURT (Justice Johnson): That was done at the invitation of the court?

MR. AHERIN: It was done in discussion with the court, off the record, at the initial jury instruction conference.

THE COURT (Justice Johnson): But there is no question that you did propose the instruction?

MR. AHERIN: There is no question that we submitted it.

The foregoing colloquy makes clear that Instruction No. 18 given by the court was from Plaintiffs' Proposed Instruction No. 16. Plaintiffs do not contest that fact on appeal. We conclude, as we did in

*Anderson v. Gailey*, that plaintiffs are precluded from claiming on appeal that the court erred in giving the instruction which they had proposed. *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976).

Affirmed. Costs to respondent. No attorney fees on appeal.

JOHNSON, BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

There is no question but that something went awry in this case, and that something was that the district court did not, nor did counsel, contemplate that the jury would find *one* of the two plaintiffs negligent, that the one defendant was also negligent, and that the percentage of negligence attributable to each was 50 percent. The special verdict form composed by the trial court, a copy of which is attached hereto as Appendix A, asks in Question 5:

What is the total amount of damages sustained by the plaintiff Deborah Blankenship, parent of Justin Blankenship, deceased as a result of the accident?

The jury did not answer that question, and the reason why is obvious.

The only problem readily perceived is the inconsistency of the questions of the special verdict and the giving of the Instruction No. 16. Judge Magnus marked it as being given as modified. The modification consists of marking out the third paragraph, which should have been marked out. The third paragraph was a conversely stated repetition of the second paragraph, and neither were necessary in view of the first paragraph. The point I am hopeful of making is that the entire instruction is poorly drafted, and should not have been given at all, not even if Moses the Lawgiver submitted it. The court had an obligation to squelch it, and furnish the jury with a proper instruction.

In another instruction given by the court, not included on the special verdict form, the jury was instructed that if the negligence of Richard Blankenship equals or exceeds 50 percent of the negligence that proximately caused the accident, then the

plaintiffs will not recover any damages from the defendant. The fault in giving that instruction, which as conceded by the court, happened because it was not considered that the jury might find both men equally negligent, which did happen. It is an unfortunate result, but it is also capable of being remedied. Ever since Idaho has been a state, and before that when Idaho was a territory, the available remedy was the grant of a new trial, *i.e.,* a second trial at which there would be no mischance in instructing the jury as to performing its function. It has been ever thus. A primary function of Idaho's two appellate courts has been the review of district court orders granting or denying new trials. The late Justice Donaldson wrote a virtual treatise on the controlling issues in reviewing district court orders denying or granting second trials. *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187 (1986).

It cannot be said otherwise than that two persons brought a tort action against Weidner charging him with negligence and seeking damages for the loss of Justin Blankenship. The district court so recognized and accordingly, in preparing the special verdict form, directed the jurors, in Question No. 5, as aforesaid, to set the damages sustained by Deborah Blankenship as a result of losing her five-year-old son. In the preceding identical question, No. 4, the jury was asked to likewise answer the amount of damages sustained by plaintiff Richard Blankenship. A sixth question to the jury, which in my mind was wholly surplusage, asked the jury the amount of total damages.[3]

The district court was correct in so instructing that the damage due Deborah would be separately computed. Deborah did lose a son as a result of negligent actions or inactions which were in no way attributable to her. Moreover, this case is not in any way affected by *Rogers v. Yellowstone Park Co.,* 97 Idaho 14, 539 P.2d 566 (1974). On even a casual observation of that case it is immediately obvious that Betty Rogers was the *only* plaintiff, and that she was injured in a one-car motor vehicle accident. The opinion tells us that Betty Rogers' complaint named Yellowstone Park Company as a defendant along with Peter Rogers, an employee of the company who was transporting Betty in a company vehicle. But Peter Rogers was not served, and hence not brought into the action. It is perceived at a glance that Peter was not truly a defendant, but only named as such because he was driving a company car on company business.[4] The conclusion of a majority became the opinion for the Court, namely that the plaintiff Betty Rogers could pursue Yellowstone Park Company for damages, notwithstanding that her husband was the tortfeasor responsible for her injuries.

The larger issue with which the court wrestled was Betty Rogers' entitlement to any damages as viewed in light of previous Idaho case law which had held that "damages for personal injuries to a spouse were community property (citing cases)." 97 Idaho at 16, 539 P.2d at 568. The Court concluded that Betty Rogers was:

> [E]ntitled to recover her special damage, including established future specials, as these are actual out of pocket expenses which are a community liability. And the fact her spouse would be relieved of this financial burden is outweighed by the fact such damages are strictly compensatory in nature inuring to the benefit of the injured spouse. General damage for loss of future earnings which would be community property would be recoverable only in the fraction of one-half as the separate property of the injured spouse, and general damages for pain and suffering and emotional distress

---

**3.** Had the jury returned a damage amount verdict for both Deborah and Richard, the total was readily calculable. The question could have only confused the jury.

**4.** The Court's opinion in footnote 1 observed that I.C. § 49-1404(3) required that the operator, here Peter Rogers, "shall be made a party if personal service can be made in Idaho." That apparently was not made an issue and was forgotten. He may have fled from this jurisdiction.

would be fully recoverable as the injured spouse's separate property.

*Rogers*, 97 Idaho at 20, 539 P.2d at 571.

Justice McFadden, in authoring the Court's opinion, analogized to the decision of the Washington Supreme Court in *Freehe v. Freehe*, 81 Wash.2d 183, 500 P.2d 771 (1972), which innovatively fashioned a rule which compensated the injured spouse without unduly benefitting the tortfeasor spouse. *Rogers*, 97 Idaho at 19, 539 P.2d at 571. The formula which he borrowed from Washington, as modified, continues to be the law in Idaho. At that time however it was subjected to two dissents which harmonized on philosophical notes concerning debasement of the family as a unit. In my earlier years as a justice, debates centering on the two opinions, pro and con, were both enlightening and entertaining. Any present-day practitioner who fails to find five minutes to read Justice Shepard's dissent is also not apt to read Dickens or Hemingway.

Where it is the death of a child of the parties which is the damage issue, rather than damages being sought by either a husband or a wife, and the negligence of the spouse is or may be a contributing proximate cause, Judge Magnus handled the circumstances as it should have been handled, speaking insofar as we consider only the husband and the wife, and only to the special verdict which required the jury to set the amount of damages (1) caused the plaintiff, Richard Blankenship, and (2) caused the other plaintiff, Deborah Blankenship. As I stated above, Deborah Blankenship is entitled to separate treatment which has aught to do with her marital spouse.

In this instance she is a bereaved mother without fault, for her son is gone forever. Moreover, unlike the older cases which precluded *Rogers*, Deborah did not join with Richard in bringing an action against the defendant naming themselves as husband and wife, or as a marital community. Rather, what we have here are two actions brought in one pleaded complaint. Both have causes of action; separate causes of action. Deborah's action as filed identifies her as a parent of Justin, which is undisputed. She, of course, has the better cause of action; she cannot be charged with any contributing negligence. Whatever the jury awards her is not community property, as apparently was the theme of the older cases. Under this scenario the damages awarded to her for the loss of her child belong only to her. *Soto v. Vanderventer*, 56 N.M. 483, 245 P.2d 826 (1952); *Flores v. Flores*, 84 N.M. 601, 506 P.2d 345 (Ct.App. 1973). In the age we now live in, even compared to seventeen years ago, society has changed to the extent that Idaho can now be as realistic as other states were fifty years ago and up to eighty-eight years ago.

## APPENDIX A

### Special Verdict

We, the jury, answer the questions submitted to us in the special verdict as follows:

QUESTION NO. 1. Was there negligence on the part of the defendant, David Weidner, Jr., which was a proximate cause of the accident?

ANSWER: Yes  x    No___

If you answered the above question "Yes," then please answer Question No. 2. If you answered the above question "No," you will not answer the remaining questions, but will simply sign the verdict.

QUESTION NO. 2. Was there negligence on the part of the Plaintiff Richard Blankenship, which was a proximate cause of the accident?

ANSWER: Yes  x    No___

If you answered "No" to Question No. 2, then you will not answer Question No. 3, but will next answer Question No. 4.

If you answered "Yes" to Question No. 2, then answer Question No. 3.

You are now to compare the negligence of the parties. Insert in the answer to Question No. 3 the percentage of negligence you find attributable to each party. Your percentage must total 100%.

QUESTION NO. 3. We find that the parties contributed to the cause of the accident in the following percentages:

(a) The plaintiff Richard Blankenship   50%
(b) The defendant David Weidner   50%

Total   100%

The verdict form itself guides you from this point.

It says:

QUESTION NO. 4. What is the total amount of damages sustained by the plaintiff Richard Blankenship, parent of Justin Blankenship, deceased, as a result of the accident?

ANSWER: $_____

QUESTION NO. 5. What is the total amount of damages sustained by the plaintiff Deborah Blankenship, parent of Justin Blankenship, deceased, as a result of the accident?

ANSWER: $_____

You should include in your answer to Questions Nos. 4 and 5 the total amount of all monetary damages which you find from the evidence was sustained by plaintiffs.

QUESTION NO. 6. What is the total damages?

ANSWER: $_____. This figure is the sum of adding Question No. 4 and Question No. 5 above.

Finally, you should sign the verdict form as explained in another instruction.

R. 126–27.