526 P.2d 203

Joan MAESTAS, Administratrix of the Estate of Michon Overton, Deceased, Plaintiff-Appellant,

v.

T. E. OVERTON, Administrator of the Estate of W. E. Overton, Deceased, Defendant-Appellee.

No. 1267.

Court of Appeals of New Mexico.

Aug. 14, 1974.

Certiorari Granted Sept. 13, 1974.

**610**

Sutin, J., dissented and filed opinion.

---

James K. Ribe, Zamora & Ribe, Santa Fe, for plaintiff-appellant.

John D. Donnell, Zinn & Donnell, Santa Fe, for defendant-appellee.

## OPINION

HENDLEY, Judge.

Husband-pilot and wife-passenger were killed in an airplane crash. The administratrix of wife sued the administrator of husband under the Wrongful Death Act, § 22–20–1, N.M.S.A.1953, on the grounds that husband " * * * negligently or intentionally or through heedless or reckless disregard * * * " of the safety of his wife caused her death. The trial court granted defendant summary judgment.

The issue is whether the common law doctrine barring interspousal suits applies to a wrongful death action brought pursuant to § 22–20–1, supra.

■ New Mexico recognizes interspousal immunity for nonintentional personal injury actions. Romero v. Romero, 58 N.M. 201, 269 P.2d 748 (1954); see Rodgers v. Galindo, 68 N.M. 215, 360 P.2d 400 (1961).

However, such is not the case where intentional torts are involved. Flores v. Flores, 84 N.M. 601, 506 P.2d 345 (Ct.App.1973), cert. denied, 84 N.M. 592, 506 P.2d 336 (1973).

Section 22–20–1, supra, states:

"Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

■ A literal reading of the statute gives the personal representative a cause of action, only if the decedent would have had one, absent death. Thus, nonintentional tort actions would be barred. However, intentional tort claims are not barred.

We affirm the order granting summary judgment as to the nonintentional claims in the complaint. We reverse as to the claim of an intentional tort and remand to the trial court for further proceedings.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I respectfully dissent on the affirmance of summary judgment.

1. *The common law doctrine which barred interspousal suits no longer controls.*

The wrongful death statute was adopted in 1882. This was during a period in territorial days when husband and wife were one person in law. The statute provides that if interspousal immunity existed prior to death, it barred any claim for relief aft-

er death caused by the wrongful act, neglect or default of one spouse against another. The issue to decide is whether husband and wife are one person in law today.

Up until 1961, they were one person under *Romero* and *Rodgers* cited in the majority opinion. In 1973, this court in Flores v. Flores supra, cited in the majority opinion, abandoned the common law rule. The Supreme Court denied certiorari. This means that *Flores* was not in conflict with prior decisions of the Supreme Court, nor did it involve an issue of substantial public interest that should be determined by the Supreme Court. Section 16–7–14, subd. B(1), (4), N.M.S.A.1953 (Repl.Vol. 4).

The time has come to affirmatively overrule *Romero* and *Rodgers* so that the legal profession and the judiciary can know what the law is. The Supreme Court has held that we are bound by the common law as a rule of practice and decision. Section 21–3–3, N.M.S.A.1953 (Repl.Vol. 4). "The common law is only abrogated or repealed by a statute which is directly and irreconcilably opposed to the common law." Valdez v. State, 83 N.M. 720, 497 P.2d 231 (1972).

In *Flores,* however, this court said:

The common law prohibition cannot be justified in New Mexico because the reasons for the rule are no longer valid. * * * The common law is not the rule of practice and decision if "inapplicable to conditions in New Mexico." (citation omitted). If the common law is not "applicable to our condition and circumstances" it is not to be given effect. (citations omitted). The common law rule is not to be applied to bar suits between spouses because liability free intentional injury to one's spouse does not reflect the circumstances in New Mexico.

For a history of the common law, see, State v. Tijerina, 84 N.M. 432, 444–447, 504 P.2d 642 (Ct.App.1972), certified to the Supreme Court. Although the Supreme Court held the opinion of Judge Sutin to be without merit, State v. Tijerina, 86 N.M. 31, 519 P.2d 127 (1973), Judge Sutin stands firm on the history of the common law.

The common law of England dates back to the fourth year of the reign of James the First, or 1607. It is unwritten law that includes general and particular customs, and particular local laws. It is unwritten law "because their original institution and authority are not set down in writing, as acts of parliament are, but they receive their binding power, and the force of laws, by long and immemorial usage, and by their universal reception throughout the kingdom." 1 Chitty's Blackstone, p. 43 (1860).

One of the concepts of common law was that by marriage, husband and wife were one person in law. "Upon this principal, of an union of person in husband and wife, depend almost all of the legal rights, duties, and disabilities, * * *" which include rights which are personal. 1 Chitty's Blackstone, pp. 366, 356 (1860). It should not be necessary to write a legal sermon, as many courts have done, on the changes that have taken place in the status of women in the marriage relationship. They are no longer "one flesh."

It is obvious that "Legal identity of husband and wife does not exist in New Mexico." Flores v. Flores, supra. Since it does not exist in New Mexico, interspousal immunity does not exist. Since it did not exist prior to death, the plaintiff has the right to sue the defendant for relief caused by the wrongful act, neglect or default of the deceased husband against the deceased wife.

To note the change in this philosophical legal principal from the common law to the reality of the 20th Century, see Annot. 43 A.L.R.2d 632 (1955), the later case service (1969), and the supplemental service. The supplemental service cites Flores v. Flores, supra, in the slow but certain climb toward the majority view. Many law review articles, texts and decisions support this change.

I close this point with a quotation from Surrat v. Thompson, 212 Va. 191 183 S.E. 2d 200, 202 (1971):

\* \* \* [N]othing in the nature of the common law requires us to adhere to an outmoded concept that a wife cannot so separate herself from her husband's flesh as to be capable of maintaining an action against him. We therefore hold that the plaintiff can maintain this action.

The summary judgment should be reversed.