531 P.2d 947

Joan MAESTAS, Administratrix of the
Estate of Michon Overton, Deceased,
Petitioner,

v.

T. E. OVERTON, Administrator of the Estate
of W. E. Overton, Deceased, Respondent.

No. 10137.

Supreme Court of New Mexico.

Feb. 21, 1975.

Zamora & Ribe, James K. Ribe, Santa Fe, for petitioner.

Zinn & Donnell, Sarta Fe, for respondent.

OPINION

STEPHENSON, Justice.

This case involves interspousal immunity for non-intentional personal torts. It appears that Michon and W. E. Overton, wife and husband, were killed in the crash of a light plane owned and piloted by the latter in the summer of 1971. The parties to the action are the personal representatives of the decedents.

Petitioner brought this wrongful death action (§ 22–20–1, N.M.S.A.1953) alleging her decedent's death to have been negligently caused. The plea of negligence is couched in the language of the Aircraft Guest Statute (§ 44–1–16, N.M.S.A.1953). Neither the construction of that statute nor its constitutionality are before us.

The respondent moved to dismiss the complaint. Following the filing of an affidavit, the trial court, treating the motion as one for summary judgment, sustained the motion and dismissed the complaint. The basis for the trial court's action does not appear. Counsel seem in agreement that it was grounded upon interspousal immunity and we will so treat it. Upon appeal, the Court of Appeals sustained. the action of the trial court in respect to the non-intentional tort claims. Maestas v. Overton, 86 N.M. 609, 526 P.2d 203 (Ct. App.1974).

We granted certiorari and reverse the Court of Appeals.

In Flores v. Flores, 84 N.M. 601, 506 P. 2d 345 (Ct.App.1973), cert. denied, 84 N.M. 592, 506 P.2d 336 (1973), it was held that,

because the reasons for the common law rule of interspousal immunity for personal torts either no longer exist or are obviously specious and invalid, the rule should be abandoned where intentional torts are involved. The court there specifically limited its consideration of the common law rule to the particular facts—that of intentional tort injury by one spouse against the other—and avoided deciding whether the rule should be abandoned for negligently inflicted torts also, apparently in the face of this court's decision over twenty years ago in Romero v. Romero, 58 N.M. 201, 269 P.2d 748 (1954), adopting the common law rule "that one spouse could not sue the other in tort for personal injuries." Romero involved an interspousal personal tort negligently inflicted.

Nothing would be gained by reiterating Chief Judge Wood's analytical condemnation of the reasons asserted as supporting the immunity rule in Flores, or by discussing the wealth of cases and scholarly commentary which have unmercifully attacked the underpinnings of this archaic precept. See, e. g., Maestas v. Overton, supra, (dissenting opinion); Freehe v. Freehe, 81 Wash.2d 183, 500 P.2d 771 (1972); Brooks v. Robinson, 284 N.E.2d 794 (Ind. 1972); Surratt v. Thompson, 212 Va. 191, 183 S.E.2d 200 (1971); Taylor v. Bullock, 111 N.H 214, 279 A.2d 585 (1971); Immer v. Risko, 56 N.J. 482, 267 A.2d 481 (1970); Mosier v. Carney, 376 Mich. 532, 138 N.W.2d 343 (1965); Klein v. Klein, 58 Cal. 2d 692, 26 Cal.Rptr. 102, 376 P.2d 70 (1962); Annot., 43 A.L.R.2d 632 (1955); 43 A.L.R.2d Later Case Service 332 (1969); Prosser, Law of Torts § 122 (4th ed. 1971); 1 Harper & James, The Law of Torts § 8.10 (1956); Jayme, Interspousal Immunity: Revolution and Counterrevolution in American Tort Conflicts, 40 So. Calif.L.Rev. 307 (1967); McCurdy, Personal Injury Torts Between Spouses, 4 Villanova L.Rev. 303 (1959); McCurdy, Torts Between Persons in Domestic Relation, 43 Harv.L.Rev. 1030, 1050 (1930). As Prosser sums it:

"The devastating attack on the old rule found in a number of recent decisions seems to leave no possible justification for it except that of historical survival." Prosser, Law of Torts § 122, at 864 (4th ed. 1971).

It is our opinion that there is no logical or legal reason for drawing a distinction between interspousal personal torts intentionally inflicted and those negligently inflicted. See Klein v. Klein, supra. For that reason, the same considerations which led the Flores court to abandon interspousal immunity for intentional personal torts lead us to hold that the rule of interspousal immunity be given a long deserved retirement from the law of New Mexico. There is no immunity from tort liability between spouses by reason of that relationship. Rodgers v. Galindo, 68 N.M. 215, 360 P.2d 400 (1961), and Romero v. Romero, supra, are overruled.

Appellee's only argument is that any change in the common law rule should be left to the legislature. An identical argument was made in Flores and rejected by the court with these words:

"'* * * This argument ignores the fact that the rule is not one made or sanctioned by the legislature, but rather is one that depends for its origins and continued viability upon the common law. * * * [citation omitted.]' The rule was originally formulated by the courts; it is for the courts to change the rule if it is unwise. * * *" 84 N.M. at 603–04, 506 P.2d at 347–48.

See also, Freehe v. Freehe, supra; Brooks v. Robinson, supra.

This case is remanded to the district court with directions to set aside its order of dismissal and to proceed in accordance with the views expressed herein.

It is so ordered.

McMANUS, C. J., and OMAN and MONTOYA, JJ., concur.

MARTINEZ, J., did not participate.