2002-NMSC-030

54 P.3d 537

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

Carol BALLARD, individually and as personal representative of the deceased, Erika Ballard, and as mother, next friend, and natural guardian of Carla and Chaz Ballard, minors; George Evans, personal representative of the Estate of Robert L. Evans, deceased; and Eric C. Ballard, individually and as father, next friend and natural guardian of Carla and Chaz Ballard, Defendants.

No. 27,252.

Supreme Court of New Mexico.

Sept. 6, 2002.

Sanders & Westbrook, P.C., Maureen A. Sanders, Albuquerque, NM, for Defendants.

Miller, Stratvert & Torgerson, P.A., Ruth Fuess, Rudolph A. Lucero, Albuquerque, NM, for Plaintiff.

Michael B. Browde, Carpenter & Chavez, William H. Carpenter, Albuquerque, NM, for Amicus Curiae New Mexico Trial Lawyers Association.

*OPINION*

SERNA, Chief Justice.

{1} This case involves a single vehicle accident that occurred within New Mexico. Plaintiff State Farm Insurance Company seeks a declaration in the United States District Court for the District of New Mexico that the Georgia policy it issued to Defendant Carol Ballard limits liability coverage to $50,000. This Court accepted certification from Judge Leslie C. Smith on the question of whether

> New Mexico law appl[ies] to interpret a step down provision in a Georgia automobile liability insurance policy . . . where the non-resident insureds are injured in a one-vehicle accident in New Mexico through no fault of any New Mexico citizen and where the insureds receive significant medical care in New Mexico paid for by the county Indigent Hospital and County Health Care Act.

*See* NMSA 1978, § 39–7–4 (1997) ("The supreme court of this state may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state."). We conclude that New Mexico law applies in this case and that, under New Mexico law, the family exclusion step down provision contained in the Georgia policy is invalid.

## I. Facts and Background

{2} Carol Ballard and two of her children, Carla and Chaz, were injured in a single vehicle accident on August 11, 1998, in Luna County, New Mexico. Her third child, Erika Ballard, and the driver, Robert Evans, a family friend, died as a result of this accident. These individuals were not residents of this state, and no New Mexicans were involved in the accident.

{3} Carol and Eric Ballard, the parents of the three children, divorced in March of 1998 in California. Prior to the divorce, they purchased automobile insurance from State Farm. About one month after the divorce, Carol Ballard moved to Georgia with her two

daughters while her son remained with Eric Ballard. She purchased automobile insurance from a State Farm agent in Georgia, stating that she wanted the same coverage which she had in California.

{4} The Georgia policy contained limits of $100,000/300,000 for liability and $100,-000/300,000 for uninsured motorist coverage. The policy does not include a choice of law provision. The policy contains a family exclusion step down provision:

THERE IS NO COVERAGE:

. . .

2. FOR ANY BODILY INJURY TO:

c. ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD:

(1) IF INTRA–FAMILIAL TORT IMMUNITY APPLIES; OR

(2) TO THE EXTENT THE LIMITS OF LIABILITY OF THIS COVERAGE EXCEED THE LIMITS OF LIABILITY REQUIRED BY LAW IF INTRA FAMILIAL TORT IMMUNITY DOES NOT APPLY.

{5} The Ballards' son expressed his desire to join his mother in Georgia a few months later; as a result, Carol Ballard, her two daughters, and Robert Evans drove to California to bring the child to Georgia. While returning to Georgia, the accident occurred. Carla Ballard was seriously injured and required treatment for several months at a hospital in Las Cruces, New Mexico, as well as outpatient care until June of 2000. The hospital costs were apparently paid by the Dona Ana County indigent funds. Carol Ballard lived in Las Cruces from August 1998 until July 2000 for her daughter's care, while working as a medical transcriptionist for her Georgia employer. Plaintiff State Farm paid her approximately $17,000 for medical benefits as well as liability coverage of $50,000.

{6} Plaintiff argues that Georgia law applies and that its liability under the policy is limited to the $50,000 amount required under the New Mexico Mandatory Financial Responsibility Act, NMSA 1978, §§ 66–5–201 to –239 (1983, as amended through 2001) (NMMFRA), by operation of the step down

provision contained in the policy exclusion. Defendants argue that New Mexico law applies and that coverage is not limited to $50,000 because the familial exclusion provision is invalid under New Mexico law.

## II. Discussion

■■■ {7} "[T]he rights and liabilities of persons injured in automobile accidents are determined under the laws of the state where the accident happened." *State Farm Auto. Ins. Co. v. Ovitz,* 117 N.M. 547, 549, 873 P.2d 979, 981 (1994). The parties agree that New Mexico law therefore applies to the issues of tort liability and damages. Plaintiff recognizes that intra-familial tort immunity is invalid in New Mexico and thus argues that, under the step down provision, the coverage limits of $100,000/300,000 "should be reduced so as not to 'exceed the limits of liability required by law,'" or $25,000/50,000 of the NMMFRA. Defendants argue that the step down provision is unenforceable. "[T]he policy of New Mexico is to interpret insurance contracts according to the law of the place where the contract was executed," which is referred to as lex loci contractus. *Shope v. State Farm Ins. Co.,* 1996–NMSC–052, ¶ 9, 122 N.M. 398, 925 P.2d 515; *accord Ovitz,* 117 N.M. at 549, 873 P.2d at 981. Under the facts of this case, applying the lex loci contractus rule, we would rely on Georgia law to interpret the policy.

{8} Defendants argue that Georgia law would not support enforcement of the provision based upon ambiguities in the policy and Carol Ballard's reasonable expectations. We disagree. Georgia appellate courts have held that step down provisions similar to the one at issue in this case are valid. *E.g., Cotton States Mut. Ins. Co. v. Coleman,* 242 Ga.App. 531, 530 S.E.2d 229, 230–31 (2000); *Ga. Farm Bureau Mut. Ins. Co. v. Burch,* 222 Ga.App. 749, 476 S.E.2d 62, 63 (1996). However, our recognition of Georgia law regarding familial exclusion does not end the inquiry. Defendants argue that application of Georgia's law, which would limit their recovery under the step down provision, is precluded by New Mexico law.

■■■ {9} "To overcome the rule favoring the place where a contract is executed, there must be a countervailing interest that is fundamental and separate from general policies of contract interpretation." *Shope,* 1996–NMSC–052, ¶ 9, 122 N.M. 398, 925 P.2d 515. Application of the rule must result in a violation of "fundamental principles of justice" in order to apply New Mexico law rather than the law of the jurisdiction where the contract was signed. *Shope,* 1996–NMSC–052, ¶ 7, 122 N.M. 398, 925 P.2d 515; *see Reagan v. McGee Drilling Corp.,* 1997–NMCA–014, ¶ 9, 123 N.M. 68, 933 P.2d 867 ("The threshold . . . is whether giving effect to another state's policies would 'violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal' of the forum state.") (quoted authority omitted).

{10} In *Shope,* this Court addressed stacking of insurance coverage, which was specifically precluded under the insurance contract in accordance with Virginia law, where the policy was purchased. 1996–NMSC–052, ¶¶ 3, 6, 122 N.M. 398, 925 P.2d 515. We explained that, "[w]hile New Mexico public policy does favor the stacking of coverage in underinsured motorist cases, our rationale in establishing this policy did not concern fundamental principles of justice, but focused on the expectations of the insured." *Id.* ¶ 7 (citation omitted). We concluded that, "[w]hile we interpret New Mexico insurance contracts to avoid repugnancy in clauses that prohibit stacking of coverages for which separate premiums have been paid, this rule is one of contract interpretation that does not rise to the level of a fundamental principle of justice." *Id.* ¶ 9. Thus, in the present case, we address whether giving effect to Plaintiff's step down provision limiting Defendants' recovery by applying Georgia's familial exclusion law violates fundamental principles of justice, warranting application of New Mexico law despite the fact that the contract at issue was executed in Georgia. In contrast to the issue presented in *Shope,* Plaintiff's step down provision is more than a matter of contract interpretation; we determine that the reduction in coverage for a discrete group of individuals in this context, based solely on their

familial relationship to the insured, implicates a fundamental principle of justice.

{11} This Court has held that exclusion of coverage for insureds and family members violates the requirements of the NMMFRA as well as our precedent, and that such exclusions are thus contrary to New Mexico public policy. *Estep v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 105, 107–11, 703 P.2d 882, 884–88 (1985). In *Estep*, we reiterated the abandonment of the common law rule of interspousal immunity: "New Mexico has established that interspousal immunity is an 'archaic precept' out of tune with and contrary to public policy. *Maestas v. Overton*, 87 N.M. 213, 531 P.2d 947 (1975)." *Id.* at 108, 703 P.2d at 885.

> Since a wife in this jurisdiction has a cause of action for injuries suffered because of her husband's negligence, it is difficult to discern how a fundamental public policy purpose of the Financial Responsibility Act—*i.e.,* to provide financial protection to those who sustain injury through the negligence of motor vehicle owners or operators—is served, or how the requirement of the Act—*i.e.,* to provide proof of financial responsibility for losses from liability imposed by law which arise from the use of an insured motor vehicle—is observed, when the family exclusion clause in the policy specifically carves out from coverage a considerable segment of the

class of individuals the NMMFRA is designed to protect. *Id.* We held that "State Farm's inclusion of a restriction against coverage for household members is ... a violation of the requirements of the [NMMFRA] and a repudiation of New Mexico's public policy." *Id.* at 109, 703 P.2d at 886.

{12} Plaintiff argues that "[t]he *Estep* Court did not find that the exclusion violated any public policy other than that expressed by the" NMMFRA. We disagree. While *Estep* discussed and rejected interspousal immunity in the context of the NMMFRA, the analysis was directed to familial exclusion as contrary to protecting innocent accident victims. *See id.* at 109, 703 P.2d at 886. As this Court expressed in *Maestas*, "the rule [of interspousal immunity] is not one made or sanctioned by the legislature, but rather is

one that depends for its origins and continued viability upon the common law." 87 N.M. at 214, 531 P.2d at 948 (quoted authority omitted). Familial exclusion, whether in relation to insurance contracts, as in *Estep*, or tort law, as in *Maestas,* is an anachronism, not simply because it conflicts with the NMMFRA, but because "the reasons for.the rule are no longer valid." *Flores v. Flores,* 84 N.M. 601, 603, 506 P.2d 345, 347 (Ct.App. 1973) (rejecting interspousal immunity for intentional torts), *cited with approval in Maestas,* 87 N.M. at 214, 531 P.2d at 948.

{13} This Court, in *Estep*, rejected the insurer's argument that the potential for fraudulent or collusive claims justified a family exclusion clause: "denial of negligence actions to an entire class of persons—here, all family members—cannot be tolerated simply because some undefined portions of that class might instigate fraudulent lawsuits." 103 N.M. at 109, 703 P.2d at 886. We also rejected the insurer's argument that freedom of contract supported such exclusions, noting that

> the effect of the policy's exclusion on third parties who are or may be ignorant of the insurance arrangements and unable or incompetent to contract for coverage for themselves, illustrates the fragility of any assertion that the terms of this or similar insurance policies truly are the product of conscious bargaining between the parties.

*Id.* at 109–10, 703 P.2d at 886–87. "In either case, [whether a named insured or the family of the insured,] an innocent accident victim may suffer financial hardship if such clauses are validated. Consequently, we find that such an exclusion also violates public policy and the statutes, and is therefore void." *Id.* at 110, 703 P.2d at 887 (quoting *Hughes v. State Farm Mut. Auto. Ins. Co.,* 236 N.W.2d 870, 886 (N.D.1975)). We take this opportunity to reaffirm that a restriction of this type limiting coverage for household members violates New Mexico law and is a repudiation of our public policy.

{14} Plaintiff asserts that the rationale of the step down clause in its policy "is that liability coverage is designed to protect insureds from liability they may incur to third parties, not to protect the insureds for their

own injuries," thus resulting in an ability to provide liability coverage at a reduced cost. Plaintiff argues that the NMMFRA "requires a minimal amount of coverage to avoid catastrophic financial hardship and its purpose should not be extended," and that there is "no public policy in New Mexico that compels application of New Mexico law." We disagree. Carol Ballard did not purchase the minimum amount of insurance required by law; she purchased liability coverage of $100,000/$300,000. The step down provision and the fact that Carla Ballard is her daughter and resides with her limits her recovery under the policy to the $25,000/50,000 amount. As a matter of public policy, Carla Ballard is as much an "innocent victim" of the accident as an unrelated individual would be under the policy. Thus, while the step down provision does not implicate the policy underlying the minimum insurance required by law because it provides that minimum amount, it does implicate the NMMFRA's broader protection of innocent accident victims. Once Plaintiff sold Carol Ballard insurance that exceeded the "limits required by law," this coverage applies equally to all accident victims, whether the victim is a family member or not, as a matter of New Mexico public policy.

{15} Plaintiff points out that Georgia has also rejected a familial exclusion provision that resulted in elimination of all coverage as against public policy. See Stepho v. Allstate Ins. Co., 259 Ga. 475, 383 S.E.2d 887, 888–89 (1989). Plaintiff argues that Estep is distinguishable based on the fact that Estep addressed a provision which excluded all liability coverage, rather than limiting the recovery to the amount defined within the NMMFRA, as Plaintiff is attempting with the policy in the present case. We disagree. Our Court of Appeals has addressed an almost identical household exclusion provision that limited coverage which "exceeds the limits of liability required by the New Mexico Financial Responsibility law." Martinez v. Allstate Ins. Co., 1997–NMCA–100, ¶ 17, 124 N.M. 36, 946 P.2d 240. In Martinez, 1997–NMCA–100, ¶¶ 1, 18, 124 N.M. 36, 946 P.2d 240, the Court of Appeals concluded that this household exclusion provision, which the insurance company used to reduce

benefits otherwise due for underinsured motorist coverage, was invalid. The Court of Appeals held that this limiting provision violated the policies underlying the uninsured motorist statute, despite the fact that the limiting provision applied only to amounts exceeding the statutory minimum of the NMMFRA. See id. Like Martinez, the policy of protecting innocent accident victims within the NMMFRA and the policy against familial exclusion or limitation extend beyond the minimum amount of coverage required by law. Thus, in New Mexico, family exclusion provisions such as Plaintiff's, whether limiting or completely excluding benefits based on familial status, violate public policy and fundamental principles of justice.

{16} Plaintiff argues that Martinez is inapplicable because it addressed an uninsured motorist policy rather than liability insurance, and that uninsured motorist coverage is distinguishable because it creates a legal entitlement to recovery. As support for its argument, Plaintiff relies upon State Farm Mutual Automobile Insurance Co. v. Progressive Specialty Insurance Co., 2001–NMCA–101, ¶ 1, 131 N.M. 304, 35 P.3d 309, which held that the NMMFRA, as compared to the uninsured motorist statutes, does not require coverage for punitive damages. We reject Plaintiff's argument. Progressive is inapplicable; in the present case, Defendants are attempting to recover compensatory, not punitive, damages. See id. ¶ 13 (" 'Financial hardship,' whether catastrophic or otherwise, is far less evident from unrequited punitive damages."); Torres v. El Paso Elec. Co., 1999–NMSC–029, ¶ 30, 127 N.M. 729, 987 P.2d 386 (discussing the purposes of punitive damages as punishing a wrongdoer and deterring future tortious conduct). Unlike punitive damages, compensatory damages protect innocent accident victims consistent with the "fundamental public policy purpose of the Financial Responsibility Act." Estep, 103 N.M. at 108, 703 P.2d at 885.

{17} We note that Plaintiff's argument does have support from other jurisdictions. See, e.g., Allstate Ins. Co. v. Hart, 327 Md. 526, 611 A.2d 100, 104 (1992) (holding that, "in light of the limited nature of Maryland's

public policy against household exclusion clauses and the express statutory permissibility of household exclusion clauses under some circumstances, we cannot conclude that there is a sufficiently strong Maryland public policy against household exclusion clauses that would justify disregarding the *lex loci contractus* principle under the facts of this case") (citation omitted). However, in *Hart,* relied upon by Plaintiff, the Court of Appeals of Maryland noted that the state policy disapproving household exclusions was based solely on statutory interpretation and that household exclusions above the minimum statutory amount are valid in Maryland. *Id.* at 103. The court concluded that, "[e]ven if [the law of the state where the vehicle was registered] were not applied, under the circumstances of this case the household exclusion clause would appear to be valid under Maryland law." *Id.* at 103–04. As discussed above, our Court of Appeals has held that even household exclusions above a statutory minimum are invalid in this State. *See Martinez,* 1997–NMCA–100, ¶ 18, 124 N.M. 36, 946 P.2d 240.

{18} Based upon our established disapproval of family exclusion clauses, we conclude that it is inappropriate to apply the lex loci contractus rule under the facts of this case and instruct the United States District Court to apply New Mexico law rather than Georgia law. Because we answer the certified question on this basis, we need not address the parties' other contentions.

### III. Conclusion

{19} We conclude that the lex loci contractus rule does not apply under the facts of this case, and thus, Georgia law does not determine whether the provision is valid. We reaffirm our rejection of family exclusion provisions as offensive to New Mexico public policy. Therefore, we answer the certified question affirmatively: New Mexico law should apply to interpret the step down provision in the Georgia automobile liability insurance policy.

{20} **IT IS SO ORDERED.**

WE CONCUR: GENE E. FRANCHINI, PAMELA B. MINZNER and PETRA JIMENEZ MAES, Justices.