2004-NMSC-014

90 P.3d 471

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation, Plaintiff,

v.

James D. WELCH and Shirley Welch, Defendants.

Vicki Perrigo Heckl, as Personal Representative of the Estate of Tyler Heckl, Plaintiff–Appellee,

v.

State Farm Mutual Automobile Insurance Company, Defendant–Appellant.

Nos. 28240, 28336.

Supreme Court of New Mexico.

April 21, 2004.

Hatch, Allen & Shepherd, P.A., Daniel W. Lewis, Jennifer M. Rozzoni, Albuquerque, for Plaintiff.

Rothstein. Donatelli, Hughes, Dahlstrom & Schoenburg, LLP, Robert R. Rothstein, John L. Sullivan, Santa Fe, for Defendants.

Atwood, Malone, Turner & Sabin, P.A., Lee M. Rogers, Jr., Roswell, Huffaker & Conway, P.C., Ann. M. Conway, Albuquerque, for Defendant–Appellant.

Word & Bogardus, Terry M. Word, Kristina Bogardus, Albuquerque, for Plaintiff–Appellee.

*OPINION*

SERNA, Justice.

{1} Plaintiff Government Employees Insurance Company (GEICO) filed a declaratory action in the United States District Court for the District of New Mexico requesting a declaration that a household exclusion in its personal umbrella liability insurance agreement is valid and enforceable in relation to Defendants James and Shirley Welch under New Mexico law. The court issued a certification order to this Court questioning whether the optional umbrella policy's household exclusion provision violates New Mexico public policy, thus rendering the provision void. *See* NMSA 1978, § 39–7–4 (1997) ("The supreme court of this state may answer a question of law certified to it by a court of the United States ... if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state.").

{2} In a similar, although not identical, case, Plaintiff–Appellee Vicki Heckl filed a complaint for a declaratory judgment in state district court against Defendant–Appellant State Farm Mutual Automobile Insurance Company requesting that the district court declare that the uninsured motorist endorsement to her personal liability umbrella policy cover her claim. State Farm counterclaimed, requesting a declaration that the household exclusion does not allow coverage, and both parties moved for summary judgment. The district court found that the policy was ambiguous with regard to the scope of the uninsured motorist coverage and that the umbrella policy's exclusion was unenforceable as a violation of New Mexico public policy. For these reasons, the district court granted Heckl's motion for summary judgment. State Farm appealed to the Court of Appeals, and the Court of Appeals certified the appeal to this Court because we had already accepted certification in GEICO's federal action.

{3} Because the issues are substantially similar in the two cases, we consolidate them. We conclude that household exclusions in umbrella policies related to liability and unin-

sured or underinsured automobile coverage are void as against public policy.

## Facts and Background

{4} On February 27, 2003, James Welch was involved in an automobile accident while driving in Santa Fe, New Mexico, seriously injuring his wife, Shirley, a passenger. The Welches were insured by GEICO, including a primary automobile policy with a liability limit of $300,000, which is not in dispute, as well as a personal umbrella liability insurance policy with a limit of $1,000,000. The umbrella policy contains a household exclusion which states in part: "We do not cover damages resulting from ... [p]ersonal injury to any insured," and defines "insured" as "[y]ou and your spouse if a resident of your household" as well as "[r]elatives residing in your household." (Emphasis omitted.) GEICO filed a declaratory action and argued that Shirley's claim against the driver, her husband James, is excluded from the umbrella policy by this provision. The Welches filed a motion to dismiss and a motion to certify the question to this Court. Following the issuance of a certification order, this Court accepted certification.

{5} Heckl's daughter was driving Heckl's son to school; she turned in front of an oncoming car, resulting in a collision, and Heckl's son was killed. Heckl was covered by a State Farm primary automobile liability policy, from which State Farm paid the policy limits of $100,000. She owned seven vehicles, each of which carried uninsured motorist coverage of $100,000 per person, and State Farm paid the policy limits for each of those policies, stacked, after subtracting the offset for liability insurance proceeds received by Heckl. Heckl also purchased a personal liability umbrella policy as part of a homeowner's policy that provided liability coverage that was in excess of her homeowner's and automobile liability coverage. An endorsement to the umbrella policy provided additional coverage for injuries caused by owners or operators of uninsured and underinsured motor vehicles; the endorsement defined "uninsured motor vehicles" to exclude vehicles insured under the liability coverage of the umbrella policy, as well as vehicles furnished for the regular use of the insured, designated as the "owned vehicle" exclusion. Heckl argued that her daughter was underinsured and claimed benefits under the uninsured motorist endorsement.

## Discussion

{6} "Appellate courts review matters of law *de novo.*" *Hasse Contracting Co. v. KBK Fin., Inc.,* 1999–NMSC–023, ¶ 9, 127 N.M. 316, 980 P.2d 641. The question of whether an optional umbrella policy's household exclusion provision is valid is a question of first impression in New Mexico.

{7} In 1985, we addressed a household exclusion in a primary automobile liability insurance policy. *Estep v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 105, 111, 703 P.2d 882, 888 (1985). We held that "the 'insured' and 'household' exclusions contained in motor vehicle liability policies issued or delivered in New Mexico were and are contrary to public policy and the statutes of this state, and they are therefore invalid exclusions." *Id.* Later, the Court of Appeals invalidated a family exclusion provision that the insurance company argued should reduce underinsured motorist coverage benefits. *Martinez v. Allstate Ins. Co.,* 1997–NMCA–100, ¶¶ 1, 18, 124 N.M. 36, 946 P.2d 240. Most recently, we have reiterated "that exclusion of coverage [in mandatory automobile liability policies] for insureds and family members violates the requirements of the [New Mexico Mandatory Financial Responsibility Act] NMMFRA as well as our precedent, and that such exclusions are thus contrary to New Mexico public policy." *State Farm Mut. Auto. Ins. Co. v. Ballard,* 2002–NMSC–030, ¶ 11, 132 N.M. 696, 54 P.3d 537.

{8} We concluded that the family exclusion provision contained in the insured's primary automobile liability coverage was "more than a matter of contract interpretation; we determine[d] that the reduction in coverage for a discrete group of individuals in this context, based solely on their familial relationship to the insured, implicates a fundamental principle of justice." *Id.* ¶ 10. State Farm is correct when it notes that this conclusion was made in the context of a conflict of laws question, and it is also correct

when it argues that this conclusion does not mean that "household exclusions are inherently unjust in all contexts and in all policies." However, regarding motor vehicle accidents, we conclude that family exclusions in liability and uninsured or underinsured motorist coverage offered through umbrella policies implicate a fundamental principle of justice and are contrary to New Mexico public policy.

{9} GEICO and State Farm argue that our precedent was decided in the mandatory liability insurance and uninsured motorist contexts and should not be extended to optional umbrella liability policies. GEICO and State Farm contend that the critical and determinative difference between *Ballard* and *Estep* and the present matter is the mandatory nature of auto liability insurance. State Farm and GEICO argue that the present matter instead concerns excess, or optional, umbrella policies which are not mandated or required by law. We disagree that this distinction is determinative; *Ballard* went beyond the mandatory minimum amount of coverage required by statute.

{10} We rejected in *Ballard* the insurance company's argument that *Estep*'s invalidation of family exclusion provisions was based solely on the public policy expressed in our statutes. *Ballard*, 2002–NMSC–030, ¶ 12, 132 N.M. 696, 54 P.3d 537. We recognized that the analysis in *Estep* "was directed to familial exclusion as contrary to protecting innocent accident victims." *Id.* "Familial exclusion, whether in relation to insurance contracts, as in *Estep*, or tort law, as in *Maestes[ v. Overton*, 87 N.M. 213, 531 P.2d 947 (1975)], is an anachronism, not simply because it conflicts with [our statutes], but because 'the reasons for the rule are no longer valid.'" *Id.* (quoting *Flores v. Flores*, 84 N.M. 601, 603, 506 P.2d 345, 347 (Ct.App.1973)). In *Ballard*, we also rejected the insurance company's argument that we should uphold the family exclusion to liability coverage beyond the amount of the statutory minimum, despite the fact that the insured had purchased greater liability coverage. *Id.* ¶ 14. "Once [the insurance company] sold [the insured] insurance that exceeded the 'limits required

by law,' this coverage applies equally to all accident victims, whether the victim is a family member or not, as a matter of New Mexico public policy." *Id.* We conclude that the same reasoning applies to the present case and is a logical, although limited, extension of *Ballard*. Once an insurance company offers insurance that is in excess of the limits required by law, whether it is primary vehicle coverage beyond that which is required by statute or umbrella policies which include coverage for motor vehicle accidents, the coverage applies equally to the victims of such accidents whether or not they are family members.

{11} GEICO asserts that New Mexico also

> has a strong public policy of freedom to contract that requires enforcement of contracts unless they clearly contravene some law or rule of public morals. "Great damage is done where businesses cannot count on certainty in their legal relationships and strong reasons must support a court when it interferes in a legal relationship voluntarily assumed by the parties."

*State ex rel. Udall v. Colonial Penn Ins. Co.*, 112 N.M. 123, 126, 812 P.2d 777, 780 (1991) (quoted authority omitted). GEICO notes that the household exclusion in its policy was clear and unambiguous and argues that public policy considerations recognized for mandatory auto policies do not conflict with the freedom of contract for additional optional insurance coverage, such as its umbrella policy. State Farm similarly argues that umbrella policies are not governed by the operative uninsured motorist statute, leaving the parties free to contract for the excess insurance without the express or implied requirements of the statute. Although the Welches concede that umbrella coverage is optional and not statutorily required, they argue that freedom of contract principles involving insurance policies are still a "take-it-or-leave-it" situation rather than the product of true conscious bargaining between the parties. In response, GEICO argues that this concern is only relevant in the context of mandatory liability insurance where the consumer's bargaining power is limited due to the statutory requirement of carrying compulsory cover-

age. GEICO emphasizes the importance of freedom of contract where optional insurance coverage is at issue, noting that the insured has a choice whether to purchase the additional excess coverage and that such coverage is not mandated by law.

{12} We have previously rejected freedom of contract arguments regarding family exclusions in primary policies. In *Estep,* we concluded

> that to say there is freedom of contract regarding inclusion or exclusion of coverage for family members in these cases "is to ignore reality." The discussion ... of the "take-it-or-leave-it" nature of obtaining automobile liability coverage, and the effect of the policy's exclusion on third parties who are or may be ignorant of the insurance arrangements and unable or incompetent to contract for coverage for themselves, illustrates the fragility of any assertion that the terms of this or similar insurance policies truly are the product of conscious bargaining between the parties. The argument might be more credibly made were there evidence that insureds had been, or traditionally are, offered the choice of including or excluding coverage for family members.

103 N.M. at 109–10, 703 P.2d at 886–87. We recounted this freedom of contract argument in *Ballard* and took the "opportunity to reaffirm that a restriction of this type limiting coverage for household members violates New Mexico law and is a repudiation of our public policy." 2002–NMSC–030, ¶ 13, 132 N.M. 696, 54 P.3d 537. Although the Welches and Heckl had the option of purchasing umbrella coverage and such coverage is not required by statute, we believe that this reasoning is still applicable.

{13} GEICO and State Farm ask this Court to follow the majority of other courts which have upheld similar optional umbrella liability policy household exclusions. *E.g., Bogas v. Allstate Ins. Co.,* 221 Mich.App. 576, 562 N.W.2d 236, 237 (1997) ("Because the umbrella policy at issue, an optional insurance policy that applied not only to liability arising from the use of an automobile but also other personal activities of the insured, does not conflict with any statutory provisions mandating the coverage that the household exclusion excludes, we hold that the exclusion in the policy is enforceable."). The Welches argue that this Court should not follow the jurisdictions which have enforced such exclusions because the precedent from these other jurisdictions is in conflict with our own.

{14} The Welches argue that we should instead follow the reasoning of the Washington Court of Appeals, which has invalidated umbrella policy household exclusions. *Safeco Ins. Co. of Ill. v. Auto. Club Ins. Co.,* 108 Wash.App. 468, 31 P.3d 52, 55 (2001). The Washington Court of Appeals held "that the household member exclusion clause in [the insurance company's] umbrella policy violates public policy as it relates to insurance coverage for automobile accident victims." *Id.* at 53. The court noted that this was an issue of first impression for Washington but relied on the fact that "the Washington Supreme Court has long held that the household member exclusion clause is void as against public policy in the context of automobile liability insurance." *Id.* at 54. The court recognized that, addressing family exclusions in primary automobile insurance policies liability coverage, the state's supreme court

> determined that unlike other exclusionary clauses in auto insurance policies, which focus on increased risks associated with the drivers of the insured vehicles, the household member exclusion denies insurance coverage to an innocent class of victims for no good reason. More disturbing to the court was the fact that the excluded class of victims was exposed to negligent operation of the covered vehicle more than included victims, because "[t]ypical family relations require family members to ride together on the way to work, church, school, social functions, or family outings." Thus, these individuals could not practically avoid exposure to the risk for which they were uninsured.

*Id.* at 55 (footnotes omitted) (alteration in original). We conclude that the reasoning of the Washington Court of Appeals is more appropriate for New Mexico and more consistent with our existing precedent than the authority relied upon by State Farm and

GEICO and is thus more persuasive on this issue.

{15} State Farm argues that the Legislature did not intend to invalidate exclusions in umbrella policies for the purpose of maximizing automobile insurance coverage, relying on a Court of Appeals' opinion. *See Archunde v. Int'l Surplus Lines Ins. Co.,* 120 N.M. 724, 905 P.2d 1128 (Ct.App.1995). State Farm contends that *Archunde* stands for the proposition that the Legislature did not intend to expand uninsured motorist coverage beyond a motorist's primary automobile insurance policy. State Farm argues that the Court of Appeals, in *Archunde,* followed the majority of jurisdictions and held that umbrella policies are not required to provide uninsured motorist coverage under our statutes. State Farm contends that, because *Archunde* equated excess insurance policies with umbrella policies, it should apply here and the exclusion should be upheld.

{16} In *Archunde,* 120 N.M. at 725, 905 P.2d at 1129, the plaintiff, a school bus driver employed by a company which provided service for Albuquerque Public Schools (APS) students, was injured in an accident when the bus she was driving was struck by a vehicle driven by an underinsured third party. APS acted as a self-insurer and also carried an excess liability policy for self-insurers, similar to an umbrella policy, that contained a rider expressly excluding uninsured motorist coverage. *Id.* The plaintiff argued that, as a matter of public policy and NMSA 1978, § 66–5–301(A) (1983), which requires vehicle insurance liability policies to provide uninsured and underinsured coverage, all automobile insurance policies are required to include uninsured and underinsured motorist coverage. *Archunde,* 120 N.M. at 726, 905 P.2d at 1130. The Court of Appeals concluded that the statute did not "indicate a legislative intent to extend the reach of the statute beyond a motorist's primary automobile insurance policy. Therefore, in an excess policy, there is no statutory requirement mandating the inclusion of such coverage." *Id.* We reject State Farm's argument that *Archunde* controls the present matter. As Heckl notes, even if *Archunde* does not require State Farm to offer unin-

sured motorist coverage as part of the umbrella policy, *Archunde* does not address the issue of a family exclusion provision once State Farm decided to offer uninsured and underinsured motorist coverage in that umbrella policy. The Washington Court of Appeals rejected a somewhat similar argument:

In this case, we are not being asked to construe [the insurance company's] umbrella policy as including a type of coverage not already explicitly included therein. Rather, where excess auto coverage is explicitly provided, we must determine whether public policy prohibits excluding therefrom the arbitrarily designated class of household member victims for no legitimate reason. We hold that it does, and thus invalidate the exclusion in the context of recovery for vehicular accident injuries.

*Safeco,* 31 P.3d at 56. We agree. The Washington Court of Appeals explained that, "[i]n considering the validity of [an automobile liability insurance household] exclusion, the supreme court found its analytical genesis in [their] state's financial responsibility act." *Id.* ¶ 54. The Court of Appeals understood its cases to have "determined that the act conveys a strong public policy in favor of assuring adequate monetary protection and compensation to those victims who suffer injuries through the negligent use of the state's highways by others." *Id.* at 54–55. When we describe "public policy" in this opinion, we describe a public policy grounded in our Legislature's provisions for mandatory automobile liability insurance and uninsured or underinsured motorist coverage benefits. Our Court has tried to decide the cases presented to us in light of the Legislature's apparent intent, as we understood it. For that reason, the Washington Court of Appeals opinion in *Safeco* is more persuasive than the authority in other states to which we have been directed.

{17} While GEICO concedes that New Mexico also recognizes a similar public policy regarding innocent victims of auto accidents, GEICO argues that *Safeco* did not address the countervailing public policy of freedom to contract. GEICO asserts that New Mexico's policy of protecting innocent accident victims is satisfied by the NMMFRA and precedent

rejecting mandatory automobile liability policy household exclusions and that this Court should uphold the optional umbrella liability policy household exclusion to satisfy the public policy of freedom to contract. While we recognize the importance of parties' freedom to contract, we believe it does not overcome "our rejection of family exclusion provisions as offensive to New Mexico public policy," *Ballard,* 2002–NMSC–030, ¶ 19, 132 N.M. 696, 54 P.3d 537, as discussed above.

{18} GEICO argues that the family exclusion provision "supports the public policy of avoiding collusive claims." In the context of vehicular accidents, we reject this argument. In *Ballard,* we noted that *Estep* "rejected the insurer's argument that the potential for fraudulent or collusive claims justified a family exclusion clause: 'denial of negligence actions to an entire class of persons-here, all family members-cannot be tolerated simply because some undefined portions of that class might instigate fraudulent lawsuits.'" 2002–NMSC–030, ¶ 13, 132 N.M. 696, 54 P.3d 537 (quoting *Estep,* 103 N.M. at 109, 703 P.2d at 886).

{19} The Welches argue that all household exclusions are contrary to New Mexico public policy, as supported by the broad language of *Ballard* and *Estep,* although they concede that it is unnecessary for this Court to address exclusions beyond those at issue in the present matter. GEICO argues that New Mexico would potentially face dire consequences if all household exclusions in optional umbrella policies are void. GEICO also contends that, contrary to the Welches' assertion, the Court of Appeals has recently upheld a homeowner's insurance household exclusion. *See Risk Mgmt. Div. ex rel. Apodaca v. Farmers Ins. Co. of Ariz.,* 2003–NMCA–095, 134 N.M. 188, 75 P.3d 404. The Court of Appeals recognized that "[p]ublic policy supports allowing the [household] exclusion as a means to prevent collusion. For example, insurance contracts will often exclude from coverage liability for bodily injury to residents of the insured household in order to prevent collusion in the filing of insurance claims." *Id.* ¶ 20. Because it is unnecessary to the disposition of this case, we expressly do not address household or family

exclusions beyond automobile liability and uninsured or underinsured coverage contained in umbrella policies.

### Conclusion

{20} We conclude that the family exclusion provisions contained in State Farm and GEICO's umbrella policies, under the circumstances of these cases involving motor vehicle accidents, are unenforceable as a violation of New Mexico public policy. Therefore, we answer the federal district court's certified question affirmatively, and we affirm the state district court's grant of summary judgment in favor of Heckl.

{21} IT IS SO ORDERED.

MAES, C.J., MINZNER, BOSSON and CHAVEZ, JJ., concur.