BUSTAMANTE, Judge (dissenting). {59} The majority decides the issue before us today based on its view that “the sole conflict between Texas and New Mexico law [at issue in this case] involves only evidentiary requirements of contract formation.” Majority Op. ¶ 24. Unlike Texas, New Mexico requires proof of actual knowledge and conscious assent in order to change the terms of an at-will employment contract. DeArmond, 2003-NMCA-148, ¶¶ 18-20. Because I believe that this is not merely an evidentiary requirement, but instead a reflection of New Mexico public policy protecting workers from contractual obligations they are not aware of and to which they never agreed, I respectfully dissent. {60} We have previously considered Halliburton’s adoption of the Program. In DeArmond, a former employee sued Halliburton after he was discharged. Halliburton argued that it had mailed the details of the Program to the employee and that the mailing specified that continued employment constituted acceptance of the Program. Halliburton won its motion to compel arbitration. This Court reversed, noting that “a legally enforceable contract is still a prerequisite for arbitration.” Id. ¶ 8. We reasoned that “the principle of conscious assent is particularly crucial in the at-will employment context, where acceptance may be manifested by continuing in a routine activity.” Id. ¶ 18. If the employee did not have knowledge of the modified terms of employment, no new contract was formed. Id. {61} DeArmond did not include a choice-of-law analysis, and we assume that the plaintiff in DeArmond lived in New Mexico when he received the mailing from Halliburton and that New Mexico law therefore applied. I agree with the majority that the application of Texas law would achieve a result opposite to the result we reached in DeArmond. The outcome in this case therefore depends on the choice of law. {62} We review choice-of-law analyses de novo. Nat’l Bank of Arizona, 2005-NMCA-122, ¶ 7. “As a general proposition of law, it is settled that the validity of a contract must be determined by the law of the state in which it was made.” Boggs, 72 N.M. at 140, 381 P.2d at 422. “To overcome the rule favoring the place where a contract is executed, there must be a countervailing interest that is fundamental and separate from general policies of contract interpretation.” Shope, 1996-NMSC-052, ¶ 9. “Application of the rule must result in a violation of‘fundamentalprinciplesofjustice’ in order to apply New Mexico law rather than the law of the jurisdiction where the contract was signed.” Ballard, 2002-NMSC-030, ¶ 9 (quoting Shope, 1996-NMSC-052, ¶ 7). “Simple differences in laws among states do not rise to this level.” Reagan, 1997-NMCA-014, ¶ 15. {63} In my view, the question of whether a contract was made is not merely a question of contract interpretation. It is a preliminary question that comes before interpretation. It goes to the very foundation of contract law: whether the circumstances are such that the mechanisms of the state may be invoked to enforce the terms of an agreement. In the context of the law of contracts, it is difficult to imagine a more fundamental principle of justice. {64} New Mexico has a strong public policy in favor of the enforcement of contracts. In the context of at-will employment agreements, this has typically meant that an employee can accept a contract by continuing to work if he knew of the contract. See Hartbarger v. Frank Paxton Co., 115 N.M. 665, 672, 857 P.2d 776, 783 (1993); Stieber v. Journal Publ’g Co., 120 N.M. 270, 273, 901 P.2d 201, 204 (Ct. App. 1995). In those cases, it was the employee that sought to enforce the contract. This required the employee to show that the employer had made an offer and that the employee was aware of it. In contrast, in this case and in DeArmond, Halliburton sought to enforce a contract it had mailed to an employee. In DeArmond, we distinguished Stieber on the grounds that Halliburton had not shown that the employee was aware of the offer of changed conditions of employment. DeArmond, 2003-NMCA-148, ¶¶ 13-14. We noted that the problem could easily have been avoided by requiring a signature or other proof. Id. ¶ 14. Absent some indication that the employee was aware of the offer, however, we declined to conclude that simply continuing the “routine activity” of going to work was proof that the employee had consciously assented to the contract. Id. ¶ 18. {65} Taking DeArmond one step further, I believe that a law allowing the continued routine activity of going to work to substitute for proof that an employee was aware of proposed changes to the terms of his employment is contrary to public policy. More specifically, the judicial enforcement of an agreement that an employee was never aware of exemplifies the “violation of fundamental principles of justice” and justifies the use of the public-policy exception to the rule that we apply the law of the place where the contract was made. Ballard, 2002-NMSC-030, ¶ 9 (internal quotation marks and citation omitted). Freedom of contract necessarily implies freedom from obligations to which a party did not assent or was not even aware of. {66} The application of New Mexico law also finds support in the Restatement (Second) of Conflict of Laws. New Mexico is one of only twelve states that still adheres to the older standard from the First Restatement that the validity of the contract is judged by the law of the place of contracting. See Hay, Borchers & Symeonides, Conflict of Laws § 18.21, at 1171-72 (5th ed. 2010). The Second Restatement adopted a different approach, weighing various factors when the parties or statutes do not dictate the choice of law. See Restatement (Second) of Conflict of Laws §§ 6, 188 (1971). In general, those factors include (a) the needs of the interstate and international systems, (b) the relevant policies ofthe forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability[,] and uniformity of result, and (g) ease in the determination and application ofthe law to be applied. Restatement § 6(2). For contracts, additional factors to consider include “(a) the place of contracting, (b) the place of negotiation of the contract, (C) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation},] and place of business of the parties.” Restatement § 188(2). {67} I first look to the general factors of Section 6, see Restatement § 188(1), and concludes that these factors weigh in favor of the application of New Mexico law. The relevant policy ofthe forum, of course, is New Mexico’s policy in favor of freedom to contract, which I have stated encompasses the freedom from obligations where no enforceable agreement exists. Similarly, absent assent, I believe Halliburton has no justified expectation that the contract is valid, and Flemma’s justified expectation is that he is not subject to a contract he is not aware of. Similarly, the basic principles of contract law — that an agreement is not enforceable unless there is mutual assent — counsel in favor of application of New Mexico law in this case. I recognize that Texas law would indicate otherwise; however, I distinguish between matters of interpretation, in which deference should be accorded to Texas law, and matters of validity, in which, under the circumstances of this case, I believe it should not. {68} The contract-specific factors from Section 188 of the Second Restatement also weigh in favor of the application of New Mexico law. Of these factors, the place of contracting, place of performance, and the location of the subject matter of the contract are neutral. Halliburton mailed the proposed contract to Flemma in at least two states and appears to have sent it to its employees in every state in which they reside, including New Mexico. Furthermore, Flemma’s duties were not restricted to Texas, but took him to various states. The place of negotiation weighs either neutrally or against Halliburton, as no negotiation took place. Flemma lived in New Mexico and worked at Halliburton’s facilities in New Mexico when he was terminated. Both the general and contract-specific factors of the Second Restatement militate in favor of the application of New Mexico law. {69} I do not mean to suggest that New Mexico’s policy in favor of freedom of contract requires that New Mexico law should always apply to determine whether a contract was validly formed prior to enforcing that contract under the law of the state in which it was created. First, my reasoning is limited to the use of a presumption that continued employment, absent proof that an employee knew of a change in employment conditions, can raise a presumption of assent in the at-will employment context. Second, such a rule could encourage forum shopping, at least until employers adopted adequate procedures to show that employees were aware of contract changes. I believe the balancing approach of the Second Restatement avoids these problems. It would no doubt be easier to condone the application of Texas law had this case had a closer connection with Texas, for example, if Flemma had continued to live or work in Texas, or if the alleged tortious behavior took place in Texas. But here, where the alleged behavior took place in New Mexico, the result reached by the majority’s application of the First Restatement’s approach is inequitable and, in my view, against the public policy of New Mexico. {70} Finally, I recognize that New Mexico has a strong policy in favor of arbitration. However, this policy is not implicated if no agreement to arbitrate exists. Because I believe that public policy precludes us from recognizing and enforcing the agreement at issue in this case, New Mexico’s policy in favor of arbitration does not affect my analysis. {71} For the foregoing reasons, I believe it is improper to apply the Texas case law creating a presumption that Flemma was aware of the contract. The majority having concluded otherwise, I respectfully dissent. MICHAEL D. BUSTAMANTE, Judge